■ LAWRENCE MARCIANO, Respondent-Appellant, v KA-

THRYN MARCIANO, Appellant-Respondent.—Judgment unanimously modified on the law, and as modified affirmed with costs to defendant, in accordance with the following memorandum: The trial court erred in granting plaintiff a divorce on the ground of cruel and inhuman treatment. In a marriage of long duration, such as this one, a high degree of proof is required to establish cruel and inhuman treatment (see, Brady v Brady, 64 NY2d 339, 345; Hessen v Hessen, 33 NY2d 406, 411-412; Green v Green, 127 AD2d 983). Plaintiff testified that there were six occasions between 1982 and 1985 when the parties argued and defendant used obscene and vulgar language. On one occasion, defendant pounded plaintiff's chest and grabbed his genitals. Plaintiff testified that, as a result of such conduct, he was upset and embarrassed, his ulcer was irritated, and his work performance was adversely affected. Defendant denied the allegations of fault.

The record does not establish a pattern of physical violence or other conduct sufficient to affect plaintiff's health or well-being and to render it unsafe or improper to cohabit with defendant (Domestic Relations Law § 170 [1]). At best, the record discloses strained relations and is insufficient to sustain a divorce based on cruel and inhuman treatment (see, Green v Green, 127 AD2d 983, supra; Kleindinst v Kleindinst, 116 AD2d 988). Moreover, plaintiff presented no medical proof to establish that his health was adversely affected (see, Warguleski v Warguleski, 79 AD2d 1107; Gemayel v Gemayel, 63 AD2d 831). Since the divorce should not have been granted, that portion of the judgment that directed the distribution of the marital property must be vacated (Domestic Relations Law § 236 [B] [5] [a]). Also, there is no necessity under the circumstances to grant defendant exclusive possession of the marital residence and that part of the judgment is vacated as well. Finally, we see no need to disturb the court's award of child support, spousal maintenance, and counsel fees. (Appeals from judgment of Supreme Court, Monroe County, Mastrella, J.— divorce.) Present—Dillon, P. J., Callahan, Denman, Balio and Lowery, JJ.