■ TODD R. CASO, Appellant-Respondent, v DOREL F. CASO, Respondent-Appellant. [613 NYS2d 456] —Mercure, J. P. Cross appeals (1) from a judgment of the Supreme Court (Relihan, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 11, 1993 in Tompkins County, upon a decision of the court, and (2) from an order and judgment of said court, entered September 14, 1993 in Tompkins County, which granted defendant's motion for counsel fees.

Plaintiff challenges so much of Supreme Court's judgment of divorce as awarded defendant maintenance of $150 per week for three years and required plaintiff to provide defendant with health insurance until she attains the age of 65, and a subsequent order and judgment compelling him to pay $7,639.29 in counsel fees.*

The parties were married April 8, 1967. Their only child, Richard Caso, II, was born April 4, 1968. The parties separated in 1972. They never entered into a separation agreement and no court order of support or maintenance was sought or obtained prior to the institution of this divorce action in October 1990. For nearly nine years following the separation, plaintiff voluntarily paid a percentage of defendant's rent and provided her with auto insurance and health insurance through his employer, Cornell University, in lieu of child support. Otherwise, within a few months following the separation, defendant took over her own day-to-day living expenses. For approximately one year following the June 1981 termination of plaintiff's employment with Cornell, he provided no support at all. Then, after plaintiff obtained employment as a videotape producer and archivist with the National Basketball Association in the summer of 1982, the prior arrangement was reestablished. Plaintiff ceased paying a portion of defendant's rent in the summer of 1988 when defendant moved into an apartment with a man and told plaintiff his contribution was no longer necessary.

As found by Supreme Court, the parties enjoyed only four years of cohabitation and had been separated for 18 years at the time of the commencement of the action. Except for plaintiff's contributions in lieu of child support, during that 18-year period the parties pursued their own vocations and established financial independence of one another. In that

---

* Although defendant filed a notice of cross appeal, she only counters the arguments raised by plaintiff and seeks nothing other than affirmance of the papers appealed by plaintiff.

connection, Supreme Court explicitly found that defendant held a variety of jobs from 1972 to 1975 and was employed as a secretary at Cornell University from 1975 to 1981. Seeking further training in business and secretarial work, she enrolled at an area community college and obtained an Associate's degree in hotel management and food science in 1981. She pursued further studies at the University of Denver from 1981 to 1982, completing all but 24 credit hours of the requirement for a Baccalaureate degree. From 1988 to the time of trial, defendant operated her own residential and commercial cleaning service. There was also evidence, as found by Supreme Court, that defendant cohabited with and received financial assistance from several other men from sometime in the 1970s until 1988.

Under the circumstances, we agree with plaintiff that Supreme Court abused its discretion in awarding maintenance upon the finding that the award would "permit a reasonable period for [defendant] to make the psychological adjustment to her new legal status and to encourage her efforts to enhance her earning capacity in her current business or to make alternative plans". In our view, there is no evidence in the record to support a finding that defendant required an award of durational maintenance in order to become self-supporting (see, Domestic Relations Law § 236 [B] [6] [a] [4]; *Anglin v Anglin,* 148 AD2d 833, 834). To the contrary, it was clear from the evidence that by the time of trial defendant had developed and was enjoying a suitable vocation. Further, although plaintiff had established a substantially greater earning capacity than defendant, this advantage appears to merely reflect plaintiff's abilities. Nothing in the record suggests that defendant made any contribution to plaintiff's career or that she was required to or did forego or delay any education, training, employment or career opportunities during the marriage (see, Domestic Relations Law § 236 [B] [6] [a] [5]). In our view, none of the remaining statutory factors supported an award of maintenance (see, Domestic Relations Law § 236 [B] [6] [a]). We also note that, absent an award of maintenance, the requirement that plaintiff provide defendant with health insurance may not stand (see, Domestic Relations Law § 236 [B] [8] [a]).

We similarly conclude that Supreme Court erred in awarding counsel fees to defendant beyond the $1,000 paid by plaintiff pursuant to a pendente lite order. In view of the fact that the parties' only child was emancipated, that the divorce was granted upon consent and that there were very few marital assets subject to equitable distribution, the legal ex-

penses incurred by defendant, totaling $15,714.29, were unconscionable in amount. In fact, it appears that, but for defendant's unrealistic claim for maintenance and counsel fees, there would have been very little, if anything, to litigate *(see, Dugue v Dugue,* 172 AD2d 974; *Nemia v Nemia,* 124 AD2d 407, *lv denied* 69 NY2d 611). Moreover, defendant had already paid $3,425 in counsel fees and Supreme Court's distribution of marital assets provided her with ample funds with which to pay the balance of her attorneys' reasonable fees *(see, Nemia v Nemia, supra).*

We need not consider plaintiff's remaining contentions.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment entered August 11, 1993 is modified, on the law, without costs, by reversing so much thereof as awarded defendant maintenance and required plaintiff to provide defendant with health insurance, and, as so modified, affirmed. Ordered that the order and judgment entered September 14, 1993 is reversed, on the law, without costs, and motion for counsel fees denied.