■ JEROME B. WALCZAK, Respondent, v JANET G. WALCZAK, Appellant. [614 NYS2d 835] —Judgment unanimously reversed on the law with costs, complaint dismissed and matter remitted to Supreme Court for further proceedings on the counterclaim in accordance with the following Memorandum: We agree with the contention of defendant that Supreme Court erred in granting plaintiff a divorce on the ground of cruel and inhuman treatment. Plaintiff testified that, prior to the parties' separation, defendant told him that she had lost affection for him and that she no longer loved him, and that those comments upset him. He further testified that, during the last year before their separation, he and his wife had limited communication, slept in separate bedrooms and had some arguments, and that things were difficult. Plaintiff admitted, however, that, during that period, the parties were able to talk to each other in a civilized manner. No evidence was introduced of any physical violence between the parties or of any obscene or vulgar language by defendant. Additionally,

no medical proof was presented to establish that defendant's conduct adversely affected plaintiff's health (see, *Warguleski v Warguleski,* 79 AD2d 1107; *Gemayel v Gemayel,* 63 AD2d 831).

Because this marriage was of long duration, i.e., 25 years, plaintiff's evidence, at best, disclosed strained relations and is insufficient to meet the high degree of proof required in a long-term marriage to establish cruel and inhuman treatment (see, *Brady v Brady,* 64 NY2d 339, 345; *Hessen v Hessen,* 33 NY2d 406, 411-412; *Marciano v Marciano,* 161 AD2d 1163, 1164, *lv denied* 76 NY2d 707; *Green v Green,* 127 AD2d 983). Consequently, the divorce was improperly granted, and the marital property was not subject to equitable distribution (Domestic Relations Law § 236 [B] [5] [a]). Because the record indicates that the court also granted the counterclaim of defendant for a separation from bed and board, we remit the matter to another Justice for determination of the economic issues arising from the granting of that counterclaim. (Appeal from Judgment of Supreme Court, Herkimer County, Tenney, J.—Divorce.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.