◼ Joy Gulisano, Respondent, v Michael Gulisano, Appellant. [626 NYS2d 644] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We agree with the contention of defendant that Supreme Court erred in granting plaintiff a divorce on the ground of cruel and inhuman treatment. Plaintiff testified to a number of arguments between the parties, and to defendant's apathy toward the marriage and periods of lack of communication. She further testified that, during one of those arguments, defendant struck a couch with his fist and that, during another, he struck a door with his fist, causing her to fear for her safety. There was no evidence, however, of any physical violence between the parties within the last 10 years or any significant vulgar or obscene language by defendant. Additionally, no medical proof was presented to establish that defendant's conduct adversely affected plaintiff's health (see, Green v Green, 127 AD2d 983).

Because this marriage was of long duration, i.e., 18 years, plaintiff's proof, at best, establishes an acrimonious, unhappy and incompatible relationship, and is insufficient to meet the degree of proof required in a long-term marriage to establish cruel and inhuman treatment (see, Brady v Brady, 64 NY2d 339, 345; Hessen v Hessen, 33 NY2d 406, 411-412; Walczak v Walczak, 206 AD2d 900; Marciano v Marciano, 161 AD2d 1163, 1164, lv denied 76 NY2d 707; Green v Green, supra). Consequently, the divorce was improperly granted, and the marital property was not subject to equitable distribution (see, Domestic Relations Law § 236 [B] [5] [a]; Marciano v Marciano, supra). Defendant requests an award of maintenance even in the event that we reverse the judgment of divorce. Because the respective circumstances of the parties may have changed in the two years since the divorce was granted, we remit the matter to Supreme Court to determine that request (see, Domestic Relations Law § 236 [B] [6]). In making that determination, the court must take into consideration the marital standard of living and defendant's ability to be self-supporting (see, Hartog v Hartog, 85 NY2d 36; Pilato v Pilato, 206 AD2d 928; Burns v Burns, 193 AD2d 1104, 1105, mod on other grounds 84 NY2d 369). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Divorce.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.