■ SYLVIA J. VAN VLACK, Respondent, v PETER C. VAN VLACK, Appellant. [649 NYS2d 255] —Judgment insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting a judicial separation on the ground of cruel and inhuman treatment after concluding that plaintiff had failed to provide sufficient evidence of cruel and inhuman treatment to entitle her to a divorce on that ground. "The measure of proof to sustain a judicial separation on the ground of cruel and inhuman treatment is no less than that required for a divorce" (*Buckley v Buckley,* 93 AD2d 973; *see also, Rios v Rios,* 34 AD2d 325, 326, *affd* 29 NY2d 840; Domestic Relations Law § 170 [1]; § 200 [1]).

Plaintiff failed to present proof sufficient to entitle her to a judicial separation on the ground of cruel and inhuman treatment. The parties were married for 27 years. Courts "have required a high degree of proof of cruel and inhuman treatment where there is a marriage of long duration and an isolated act of mistreatment will rarely suffice" (*Brady v Brady,* 64 NY2d 339, 344; *see also, Gulisano v Gulisano,* 214 AD2d 999; *Walczak v Walczak,* 206 AD2d 900, 901). At best, plaintiff demonstrated "strained, unpleasant relations and incompatibility" (*Buckley v Buckley, supra,* at 974). She testified to no acts of physical violence between the parties, nor did she allege any significant use of vulgar or obscene language (*see, Gulisano v Gulisano, supra; Walczak v Walczak, supra*). Plaintiff testified that she began taking Prozac in 1993 because she was depressed, but she adduced no medical proof to demonstrate

that defendant's conduct adversely affected her health (*see, Gulisano v Gulisano, supra; Green v Green,* 127 AD2d 983).

The court granted defendant's application for sole custody of the parties' unemancipated son, who was 16 years old and disabled, but denied defendant's application for child support based upon the testimony of plaintiff that defendant made $5,000 more per year than she made. That was error. Child support may be awarded even if the court denies relief in the underlying matrimonial action (*see,* Domestic Relations Law § 240 [1]). Because the court failed to make any inquiry into the child's circumstances to determine whether the needs of the child were being met, we remit the matter for further proceedings on defendant's application for child support. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Separation.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.