■ CYNTHIA M. DONLEY, Appellant, v JAMES E. DONLEY, Respondent. [649 NYS2d 750] —Order unanimously affirmed without costs. Memorandum: We reject the contention of plaintiff that Supreme Court erred in granting defendant's motion, made at the close of plaintiff's proof, to dismiss the complaint in this action seeking a divorce on the ground of cruel and inhuman treatment. To be entitled to a judgment of divorce on that ground, "plaintiff [is] required to establish serious misconduct on the part of defendant such that [her] physical or mental well being was endangered and continued cohabitation with defendant was unsafe or improper" (*Urtis v Urtis*, 181 AD2d 1001, 1002; *see*, Domestic Relations Law § 170 [1]; *Brady v Brady*, 64 NY2d 339, 343). Moreover, because of the long duration of the parties' marriage, 18 years, a "high degree of proof" is required to establish cruel and inhuman treatment (*Walczak v Walczak*, 206 AD2d 900, 901; *see*, *Brady v Brady, supra*, at 344; *Wikiera v Wikiera*, 233 AD2d 896 [decided herewith]).

Here, plaintiff's proof established, at best, an acrimonious, unhappy and strained marital relationship, which is insufficient to meet the high degree of proof required in a long-term marriage to establish cruel and inhuman treatment (*see*, *Brady v Brady, supra*, at 344-346; *Wikiera v Wikiera, supra*; *Gulisano v Gulisano*, 214 AD2d 999; *Walczak v Walczak, supra*, at 901; *Marciano v Marciano*, 161 AD2d 1163, 1164, *lv denied* 76 NY2d 707). No evidence was introduced of any physical violence between the parties or any vulgar or obscene language by defen-

dant (*see, Gulisano v Gulisano, supra*; *Walczak v Walczak, supra*). Additionally, plaintiff presented no medical proof to establish that defendant's conduct adversely affected her physical or mental health (*see, Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803; *Walczak v Walczak, supra*). Although the absence of expert medical testimony is not necessarily fatal to an action for divorce based upon cruel and inhuman treatment (*see, Brooks v Brooks*, 191 AD2d 1042, 1043), the failure of plaintiff to submit any medical proof may be considered in determining the sufficiency of her proof (*see, Doyle v Doyle, supra*, at 919; *Walczak v Walczak, supra*). (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Divorce.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.