■ JEANNE S. YOUNGKRANS, Respondent, v DAVID C. YOUNGKRANS, Appellant. [667 NYS2d 540] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings. Memorandum: Although the parties consented to a divorce based upon the verified complaint and defendant withdrew his answer, Supreme Court erred in awarding plaintiff a judgment of divorce on the ground of cruel and inhuman treatment. A judgment of divorce may be entered on consent "only upon competent oral proof or upon written proof that may be considered on a motion for summary judgment" (Domestic Relations Law § 211). There was no oral proof in this case, nor any written proof other than the verified complaint. While CPLR 105 (u) permits the use of a verified pleading as an affidavit, the verified complaint here lacks the necessary evidentiary detail (*see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § C211:6, at 751; *cf., Kellerman v Kellerman,* 187 AD2d 906, 907).

Because the divorce was improperly granted, the marital property is not subject to equitable distribution (*see,* Domestic Relations Law § 236 [B] [5] [a]; *Gulisano v Gulisano,* 214 AD2d

999; *Marciano v Marciano*, 161 AD2d 1163, *lv denied* 76 NY2d 707). In any event, any agreement between the parties concerning the distribution of marital property and maintenance did not comply with Domestic Relations Law § 236 (B) (3) and is thus invalid (*see, Sorge v Sorge*, 238 AD2d 890; *James v James*, 202 AD2d 1006; *Hanford v Hanford*, 91 AD2d 829; *see also, Matisoff v Dobi*, 90 NY2d 127). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Divorce.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.