"Parties who engage in transactions based on prevailing law must be able to rely on the stability of such precedents. In business transactions, particularly, the certainty of settled rules is often more important than whether the established rule is better than another or even whether it is the 'correct' rule (*see*, *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 381). This is perhaps true in real property more than any other area of the law, where established precedents are not lightly to be set aside (*Heyert v Orange & Rockland Utils.*, 17 NY2d 352, 360)."

Even if contract law were to be applied to the facts of this case, recovery would nevertheless be unavailable under the rule of *Hadley v Baxendale* (9 Exch 341, 156 Eng Rep 145). As noted in *Kenford Co. v County of Erie* (73 NY2d 312, 319), recoverable damages are limited to " 'liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, *when the contract was made*' " (quoting *Globe Ref. Co. v Landa Cotton Oil Co.*, 190 US 540, 544 [Holmes, J.]; emphasis added). The terms of the subject lease clearly refute plaintiff's assertion that OTB should have expected to be held liable for damages occasioned by holding over, except as specified. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.

■ M. M., Appellant, v E. M., Respondent. [669 NYS2d 543] —Order, Supreme Court, New York County (Walter Tolub, J.), entered May 15, 1997, which granted the motion of defendant to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, to the extent appealed from as limited by the briefs, the motion denied, and the complaint reinstated.

The parties, who were married on October 25, 1969 and separated in June 1992, have one child, who is approximately 27 years old. Plaintiff-husband commenced the instant action on March 23, 1995 seeking a divorce on the grounds of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). The complaint recites eight incidents and alleges, *inter alia*, that defendant became intoxicated on a regular basis, criticized plaintiff, his family and his career, and embarrassed plaintiff before his friends and colleagues. It also alleges that, on one occasion, defendant struck plaintiff.

Defendant-wife answered, denying the allegations of the complaint, counterclaimed for divorce on the grounds of cruelty and abandonment and thereafter moved to dismiss the complaint on the ground that it fails to state a cause of action (CPLR 3211 [a] [7]; 3016 [c]). The moving papers assert that the complaint is vague with respect to the time of the alleged

cruelty, but suggests that it took place between August 1990 and May 1991, a period which plaintiff spent largely in Italy, where he taught ancient history.

In granting the motion to dismiss, Supreme Court noted that the parties had separated in 1992 and that "plaintiff claims he was so devastated by his wife's action that it took him nearly three years before he had the strength to commence an action. The majority of the incidents deal with defendant's alleged drunkenness and the resulting embarrassment sustained by the plaintiff." The memorandum decision concludes, "Taken as a whole and given the duration of the marriage, it is the opinion of the Court that the plaintiff has not established grounds under DRL § 170 (1)."

As stated in *Brady v Brady* (64 NY2d 339, 343), "a plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct, and not mere incompatibility." Domestic Relations Law § 170 (1) requires that the plaintiff "generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (*supra,* at 343). Duration of the marriage is significant in deciding whether the offending behavior is an indication of transient discord or substantial misconduct (*Rieger v Rieger*, 161 AD2d 227, 228, citing *Hessen v Hessen*, 33 NY2d 406, 411).

Where a motion to dismiss is directed at the sufficiency of the pleadings, the question is not whether the complaint is artfully drafted. "The court must accept the facts alleged in the complaint as true and then determine whether those facts fit within any cognizable legal theory" (*Hirschhorn v Hirschhorn*, 194 AD2d 768). The complaint is accorded every reasonable inference (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 634), and affidavits may be considered for the purpose of remedying defects in the pleading (*supra,* at 636).

Here, although the alleged misconduct occurred over a relatively short period in a marriage of long duration, the allegations of the complaint, as supported by plaintiff's affidavit in opposition to the motion, assert that during this two-year period, when the parties lived together, defendant was intoxicated on a regular basis, and continually berated, ridiculed, and verbally abused plaintiff, his family, and his profession. The complaint alleges that, on one occasion, defendant struck plaintiff with clenched fists, forcing plaintiff to lock himself in the bathroom to end the assault. Inasmuch as this alleged conduct occurred whenever the parties lived together during this time period, defendant's conduct constitutes "more

than mere incompatibility or occasional marital discord in a long-term marriage" (*Smith v Smith*, 206 AD2d 255, *lv dismissed* 84 NY2d 977). Defendant's conduct is described by plaintiff as a "constant barrage of nightly drunken and vicious attacks", causing him to leave the marital home in June 1992 and seek therapy to ameliorate the harm to his physical and mental well-being. Therefore, the complaint, as supplemented by plaintiff's affidavit, is sufficient to allege that continued cohabitation would have been harmful to plaintiff's mental health (*Brady v Brady, supra*, at 343; *Blaise v Blaise*, 206 AD2d 715, 716). Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.

■ Basir Mchawi, Respondent, v State University of New York, Empire State College, Appellant. [669 NYS2d 545] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 8, 1996, which, insofar as appealed from, upon reargument, adhered to its April 1, 1996 determination denying defendant's motion to dismiss the action against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff Basir Mchawi was formerly a professor at Empire State College, part of defendant State University of New York. This action arises out of the alleged unlawful termination of his employment and charges defendant with retaliation against him for bringing an action pursuant to the Human Rights Law (Executive Law, art 15, § 290 *et seq.*) in violation of section 296 (7) of the Executive Law. In an action previously instituted in the District Court for the Southern District of New York, plaintiff alleged that his employment was terminated in violation of 42 USC § 1981, title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) and the New York State Human Rights Law. As in this matter, the complaint in the Federal suit stated a cause of action for retaliation (Executive Law § 296 [7]), claiming that "defendant engaged in unlawful retaliation and unlawful termination of plaintiff's employment and destroyed his career as an academic as well."

By order dated September 1, 1994, the Southern District Court (Thomas Griesa, J.) dismissed plaintiff's cause of action under the Executive Law, together with the claim based on 42 USC § 1981, stating, "Plaintiff now concedes that the claims under 42 U.S.C. § 1981 and the New York Executive Law are time barred." Plaintiff appealed from this ruling. The Second Circuit Court of Appeals held that his failure to preserve for review any claim with respect to either of these causes of action barred from consideration his contention that the District