■ ANDREA L. SMITH, Appellant, v LAWRENCE D. SMITH, Respondent. (Appeal No. 1.) [677 NYS2d 847] —Order unanimously reversed on the law with costs, motion denied, complaint reinstated and new trial granted in accordance with the following Memorandum: Supreme Court erred in granting defendant's motion at the close of plaintiff's proof to dismiss the complaint seeking a divorce based upon defendant's cruel and inhuman treatment. "Courts 'have required a high degree of proof of cruel and inhuman treatment where there is a marriage of long duration and an isolated act of mistreatment will rarely suffice' " (*Van Vlack v Van Vlack,* 233 AD2d 895, quoting *Brady v Brady,* 64 NY2d 339, 344). Defendant argued, and the court agreed, that plaintiff had demonstrated no more than strained, unpleasant relations and incompatibility, and thus had failed to make out a prima facie case of cruel and inhuman treatment (*see, Van Vlack v Van Vlack, supra; Buckley v Buckley,* 93 AD2d 973, 974). We disagree.

"In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat,* 90 NY2d 553, 556). A motion for judgment as a matter of law should not be granted where "resolution of disputed facts depend upon credibility determinations" (*Fenton v Ives,* 229 AD2d 704, 705). Applying that standard, we conclude that plaintiff's evidence was sufficient to establish that "defendant's misconduct was substantial and distinctly not transient" (*Blaise v Blaise,* 206 AD2d 715, 716). Further, through her own testimony and that of a psychiatrist, plaintiff "established that defendant's misconduct so endangered plaintiff's physical and mental well-being that it rendered continued cohabitation unsafe or improper" (*Lewis v Lewis,* 227 AD2d 908, 909; *see also, Birnbaum v Birnbaum,* 177 AD2d 367, *lv dismissed* 79 NY2d 1040). Consequently, the complaint must be reinstated and a new trial granted (*see, Marrow v Marrow,* 124 AD2d 1000) before a different Justice.

The court further erred in denying plaintiff's motion to amend the complaint to add a cause of action based upon constructive abandonment (*see,* Domestic Relations Law § 170 [2]). A divorce may be granted based upon constructive abandonment if plaintiff demonstrates that defendant unjustifiably failed and refused to engage in marital relations for at

least one year prior to the commencement of the action (*see, Pascarella v Pascarella* [appeal No. 2], 210 AD2d 915, 916). Here, unlike in *Caprise v Caprise* (143 AD2d 968, 971), the case relied upon by the court, plaintiff's evidence demonstrated more than a single rebuffed request for sex or "vague and unspecific" allegations of lack of interest. Plaintiff testified that the parties had not engaged in sexual relations for several years when she specifically requested that defendant have sexual relations with her. At that point, defendant made a disparaging remark about plaintiff's weight, told plaintiff that she was no longer attractive to him and removed himself from the marital bedroom permanently. That testimony is sufficient to make out a prima facie case that defendant unjustifiably refused to fulfill the basic obligations springing from the marriage contract, and the court should have allowed the amendment. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Divorce.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.