■ MARIE MELTZER, Appellant, v STANLEY MELTZER, Respondent. [680 NYS2d 618] —In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), dated March 11, 1998, which, upon the granting of the defendant's motion made at the close of the plaintiff's case to dismiss the complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the motion is denied, the complaint is reinstated, and that the matter is remitted to Supreme Court, Queens County, for a new trial.

The plaintiff presented evidence which tended to establish that on June 1, 1996, the defendant violently pushed her to the floor. That act resulted in police intervention, and in the issuance of numerous orders of protection excluding the defendant from the marital residence. As a result of the incident the plaintiff suffered bruises which are graphically depicted by photographs submitted in evidence. Other evidence tended to establish that the incident was the culmination of months of tension, during which the parties "fought every single day", and the defendant continually berated the plaintiff, and called her offensive names.

The Supreme Court dismissed the plaintiff's action for divorce, which was based on allegations of cruel and inhuman treatment (*see,* Domestic Relations Law § 170 [1]), at the close of her case. The court stated that "one or even two acts of physical cruelty in a long marriage does not satisfy the level of cruel and inhuman treatment required under the law" under *Hessen v Hessen* (33 NY2d 406) and *Brady v Brady* (64 NY2d 339). We reverse.

In *Hessen v Hessen* (*supra*), the Court of Appeals stated that

pursuant to Domestic Relations Law § 170 (1), a divorce may be granted based upon a showing that the "mental well being" of the complaining spouse is endangered by conduct on the part of the defendant spouse which renders "cohabitation 'improper', though not necessarily 'unsafe'" (*Hessen v Hessen, supra,* at 410). The Court of Appeals added that objective proof of physical or mental injury is "not a prerequisite" (*Hessen v Hessen, supra,* at 411).

The standard defined in *Hessen v Hessen* (*supra*) permits the issuance of a divorce pursuant to Domestic Relations Law § 170 (1) in cases where the plaintiff's mental well-being is endangered by the defendant's misconduct, even if such misconduct involves only one act of overt physical violence (*see, M. M. v E. M.,* 248 AD2d 109; *see also, Allwell v Allwell,* 252 AD2d 683; *Chiarello v Chiarello,* 51 AD2d 1089), or no overt physical violence at all (*see, Blaise v Blaise,* 206 AD2d 715; *Pfeil v Pfeil,* 100 AD2d 725; *Bulger v Bulger,* 88 AD2d 895). Considering all the circumstances here, including but not limited to the evidence presented concerning the June 1, 1996, incident, the plaintiff established a prima facie case in accordance with this standard. The judgment appealed from must therefore be reversed, and the matter remitted for a new trial. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.