■ IAN FAIRWEATHER, Respondent, v PRUDENCE FAIRWEATHER, Appellant. [682 NYS2d 873] —In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered January 21, 1998, which, upon a jury verdict in favor of the plaintiff, and the denial of the defendant's motion pursuant to CPLR 4404 (a), *inter alia,* to set aside the verdict and direct the entry of judgment in her favor as a matter of law, among other things, granted the plaintiff a divorce on the grounds of cruel and inhuman treatment and constructive abandonment.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The defendant wife appeals from a judgment of the Supreme Court which, upon a jury verdict in favor of the plaintiff, and the denial of her motion pursuant to CPLR 4404 (a), *inter alia*, to set aside the jury verdict and direct the entry of judgment in her favor as a matter of law, among other things, granted the plaintiff husband a divorce. We agree that no rational basis exists for the jury verdict and that the defendant is entitled to judgment as a matter of law dismissing the complaint (*see, Matter of Tokarz,* 199 AD2d 400; *Nicastro v Park,* 113 AD2d 129).

Although the husband alleged that the wife constructively abandoned him by refusing to engage in sexual relations for more than a year (*see,* Domestic Relations Law § 170), he, *inter alia,* failed to proffer any proof that such a refusal was unjustified, wilful, and continued, despite repeated requests for resumption of the same (*see, Ostriker v Ostriker,* 203 AD2d 343; *Caprise v Caprise,* 143 AD2d 968; *see also, Diemer v Diemer,* 8 NY2d 206; *Emanuele v Emanuele,* 218 AD2d 726; *Gleckman v Kaplan,* 215 AD2d 527).

With regard to his allegation that the wife treated him in a cruel and inhuman manner, the husband, *inter alia,* failed to proffer evidence that the wife's alleged conduct so affected his mental or physical state as to render cohabitation unsafe or improper (*see, Brady v Brady,* 64 NY2d 339; *Arunas v Arunas,* 227 AD2d 424; *Ostriker v Ostriker,* 203 AD2d 343, *supra*; *Del Gatto v Del Gatto,* 142 AD2d 545). Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.