■ ANNE L. SINGER, Respondent, v ROBERT J. SINGER, Appellant, et al., Defendants. [690 NYS2d 621] —In an action, *inter alia,* to recover damages for breach of contract, the defendant former husband appeals (1) from a decision of the Supreme Court, Putnam County (Carey, J.H.O.), dated May 5, 1997, (2), as limited by his brief, from so much of an order of the same court, dated June 25, 1997, as denied his motion to set aside the decision, and (3) from a judgment of the same court, entered July 9, 1997, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $60,359.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated June 25, 1997, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellant's contention, the separation agreement was enforceable as an independent contract in this plenary action commenced by the plaintiff (*see,* General Obligations Law §§ 3-309, 3-313 [2]; *Rainbow v Swisher,* 72 NY2d 106, 109; *Kleila v Kleila,* 50 NY2d 277, 283). Although the parties' agreement would not be enforceable as an "opting out" agreement in a matrimonial action because it was not acknowledged (*see,* Domestic Relations Law § 236 [B] [3]; *Matisoff v Dobi,* 90 NY2d 127), the action at bar was commenced to recover damages, *inter alia,* for breach of contract. Since the appellant's companion action for a divorce was dismissed prior to the trial of the action at bar, we find no impediment to enforcement in a contract action of the provisions of the parties' agreement insofar as it concerns their personal property and certain monetary obligations (*cf., Detmer v Detmer,* 248 AD2d 582; *Youngkrans v Youngkrans,* 245 AD2d 1142). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.