■ STACY A. VAIANA, Appellant, v JOSEPH A. VAIANA, Respondent. [706 NYS2d 812] —Order unanimously reversed on the law without costs, motion denied, amended complaint reinstated and new trial granted. Memorandum: In this action seeking a divorce on the ground of cruel and inhuman treatment, Supreme Court erred in granting defendant's motion to dismiss the amended complaint at the close of plaintiff's proof (*see, Smith v Smith*, 254 AD2d 788). A motion for judgment as a matter of law made at the close of plaintiff's proof should be granted only "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party * * * In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts pre-

sented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556).

Affording plaintiff every favorable inference that can be adduced from the evidence (*see, Szczerbiak v Pilat, supra,* at 556), we conclude that "defendant's misconduct was substantial and distinctly not transient" (*Blaise v Blaise*, 206 AD2d 715, 716). The misconduct consisted of verbal and mental abuse that was longstanding and culminated in false accusations of adultery in October 1997. Proof of physical violence is not necessary to establish a prima facie case of cruel and inhuman treatment (*see, Bulger v Bulger*, 88 AD2d 895, 896). Nor is the absence of medical testimony necessarily fatal to plaintiff's case (*see, Donley v Donley*, 233 AD2d 930, 931; *see also, Echevarria v Echevarria*, 40 NY2d 262, 264). Plaintiff testified to specific physical ailments arising from defendant's abuse and further testified that she is "seeing a counselor for emotionally battered women" (*see, Bulger v Bulger, supra*, at 896). In deciding defendant's motion, the court was required to resolve any questions of credibility in plaintiff's favor (*see, Gruntz v Deepdale Gen. Hosp.*, 163 AD2d 564, 565). Notwithstanding that this was a marriage of long duration, plaintiff established prima facie "that defendant's misconduct so endangered plaintiff's physical and mental well-being that it rendered continued cohabitation unsafe or improper" (*Lewis v Lewis*, 227 AD2d 908, 909; *see, Smith v Smith, supra*, at 788). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Matrimonial.) Present— Green, J. P., Wisner, Hurlbutt and Balio, JJ.