■ KATHLEEN L. VESTAL, Respondent, v WILLIAM A. VESTAL, Appellant. [712 NYS2d 359] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Shapiro, J.), dated June 11, 1999, as denied his motion to dismiss the complaint for lack of specificity in pleading, failure to state a cause of action, and as time-barred by Domestic Relations Law § 210, and (2) an order of the same court, dated September 9, 1999, as denied his motion to dismiss the amended complaint on the same grounds.

Ordered that the appeal from the order dated June 11, 1999, is dismissed as academic; and it is further,

Ordered that the order dated September 9, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Upon denying the defendant's motion to dismiss the complaint, the court granted the plaintiff leave to amend the complaint to remedy any defects in pleading. On appeal, the defendant does not challenge that portion of the order which granted this relief. Accordingly, his claims relating to the original complaint are academic in light of the filing of the amended complaint, and the appeal from the order dated June 11, 1999, must be dismissed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was to dismiss the amended complaint pursuant to CPLR 3211. It is well settled that on a motion to dismiss pursuant to CPLR 3211 the pleading is to be liberally construed. The facts alleged are to be accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference to determine whether the facts as alleged fit within any cognizable legal theory (*see, Leon v Martinez,* 84 NY2d 83; *IHC Servs. v Product Safety Mgt.,* 268 AD2d 559). The Supreme Court properly concluded that the plaintiff had submitted sufficient facts, in specific detail, to plead a cause of action for divorce grounded on cruel and inhuman treatment (*see,* Domestic Relations Law § 170 [1]; *Brady v Brady,* 64 NY2d 339; *Meltzer v Meltzer,* 255 AD2d 497).

The court also properly denied that branch of the motion which was to dismiss the complaint as time-barred pursuant to Domestic Relations Law § 210. Any allegations in the amended complaint which relate to incidents which arose more than five years before the commencement of the action were properly included only to the extent that they may be relevant to an evaluation of the plaintiff's cause of action for divorce based upon cruel and inhuman treatment in the context of the entire marriage (*see, Miglio v Miglio,* 147 AD2d 460). Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.