■ ANNE HABIB, Appellant, v RAYMOND HABIB, Respondent. [717 NYS2d 317] —In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Yancey, J.), dated November 10, 1999, which, after a nonjury trial, and upon the granting of the defendant's motion made at the close of the plaintiff's case to dismiss the complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial before a different Justice.

In determining a motion to dismiss for failure to establish a prima facie case, the plaintiff's evidence must be accepted as true and given the benefit of every reasonable inference which can reasonably be drawn therefrom (*see, Szczerbiak v Pilat,* 90 NY2d 553, 556; *Vaiana v Vaiana,* 272 AD2d 916; *Wai Foon Chan v Yuk Sim Chan,* 193 AD2d 575). The motion should be granted only if there is no rational process by which a factfinder could find for the plaintiff as against the moving defendant (*see, Szczerbiak v Pilat, supra; Vaiana v Vaiana, supra; Wai Foon Chan v Yuk Sim Chan, supra*). Here, the plaintiff's testimony, when viewed in the light most favorable to her, was sufficient to make a prima facie showing that she is entitled to a divorce on the ground of cruel and inhuman treatment. There is no requirement that a plaintiff obtain medical treatment or psychological counseling to establish grounds for a divorce based upon cruel and inhuman treatment (*see, Bailey v Bailey,* 256 AD2d 1030; *Mikhail v Mikhail,* 252 AD2d 772). A divorce may be granted based upon a showing that the mental well-being of the complaining spouse is endangered by conduct which renders cohabitation improper, though not necessarily unsafe (*see, Hessen v Hessen,* 33 NY2d 406, 410; *Meltzer v Meltzer,* 255 AD2d 497).

Since we are remitting this matter for a new trial, we note that the Supreme Court erred in restricting the plaintiff's testimony to incidents which occurred within five years of the commencement of the divorce action. Although Domestic Relations Law § 210 precludes granting a divorce upon grounds which arose more than five years before the date the action was commenced, testimony regarding incidents which fall outside of the five-year period may be relevant where, as here, a continuing course and pattern of cruel and inhuman treatment is alleged (*see, Vestal v Vestal,* 273 AD2d 461; *Milone v Milone,* 266 AD2d 363; *Miglio v Miglio,* 147 AD2d 460). Furthermore, since the Supreme Court required the parties to proceed to trial just six days after service of the plaintiff's complaint and before joinder of issue, the defendant must be afforded an opportunity to serve an answer. Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.