■ ROSEMARY ROSE, Respondent, v GERARD ROSE, Appellant. [795 NYS2d 472]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judg-

ment of the Supreme Court, Suffolk County (Whelan, J.), entered March 8, 2004, which, inter alia, upon a jury verdict in favor of the plaintiff, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in his favor as a matter of law, awarded the plaintiff a divorce on the ground of cruel and inhuman treatment and, after a nonjury trial and upon an order of the same court dated January 4, 2004, awarded the plaintiff 50% of the marital property and determined that the marital residence was her separate property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the plaintiff demonstrated, through her own testimony and the testimony of other witnesses, that the defendant's behavior so adversely affected her physical and mental well being that it became improper for her to cohabit with him (*see Habib v Habib*, 278 AD2d 277 [2000]; *Mitry v Vezza*, 255 AD2d 370 [1998]). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the plaintiff and for judgment in his favor as a matter of law.

Considering the circumstances of the case, the Supreme Court providently exercised its discretion in awarding the plaintiff 50% of the marital property (*see* Domestic Relations Law § 236 [B] [5] [d] [6], [13]). The fact that the defendant may have made greater economic contributions to the marriage than the plaintiff does not necessarily mean that he was entitled to a greater percentage of the marital property (*see Price v Price*, 69 NY2d 8 [1986]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.