■ ERIC DESBONNET, Appellant, v MARY ROSE DESBONNET, Respondent. [826 NYS2d 327]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 11, 2005, which granted the defendant's motion pursuant to CPLR 4404 (a) to set aside a

jury verdict in favor of the plaintiff and for judgment as a matter of law dismissing the complaint.

Ordered that the order is affirmed, with costs.

In an action for a divorce and ancillary relief on the ground of cruel and inhuman treatment, a motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where no rational jury could have reached the conclusion that the defendant's conduct constituted cruel and inhuman treatment based on the evidence presented at trial (*see* CPLR 4404 [a]; *Rose v Rose*, 18 AD3d 852 [2005]; *Fairweather v Fairweather*, 256 AD2d 537, 538 [1998]). In order to constitute cruel and inhuman treatment, marital misconduct must be distinguished from mere incompatibility, and serious misconduct from trivial, based on the evidence presented at trial (*see Brady v Brady*, 64 NY2d 339 [1985]; *Hessen v Hessen*, 33 NY2d 406, 410 [1974]; *Rose v Rose, supra; Davey v Davey*, 293 AD2d 444 [2002]; *Fairweather v Fairweather, supra*).

The evidence proffered by the plaintiff did not rise to the level of cruel and inhuman treatment (*see Bradley v Bradley*, 298 AD2d 485 [2002]; *Habib v Habib*, 278 AD2d 277 [2000]; *Biegeleisen v Biegeleisen*, 253 AD2d 474 [1998]; *cf. Rose v Rose, supra; Fairweather v Fairweather, supra*). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law.

The plaintiff's remaining contentions are without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.