■ Seraphima Shagoury, Respondent, v Stephen Shagoury, Appellant. [835 NYS2d 215]—

In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Queens County (Fitzmaurice, J.), dated May 24, 2005, which, after a nonjury trial, inter alia, granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial, before a different justice.

The plaintiff wife commenced this action seeking, inter alia, a divorce on the ground of cruel and inhuman treatment. The husband counterclaimed for a judgment of separation on the same ground, but based, in effect, on allegations of abandonment and adultery. Contrary to the husband's contention, the wife presented evidence which, if believed, would support the Supreme Court's finding of cruel and inhuman treatment (see Hessen v Hessen, 33 NY2d 406, 411 [1974]; Meltzer v Meltzer,

255 AD2d 497, 497-498 [1998]). Nevertheless, under the unusual circumstances presented, a new trial is required because the trial court impermissibly and repeatedly precluded the husband from eliciting relevant testimony in his defense, as well as in support of the factual allegations contained in his counterclaim, and thereby deprived him of a fair trial (*see Arbital v Allstate Ins. Co.,* 282 AD2d 560, 561 [2001]; *cf. Habib v Habib,* 278 AD2d 277, 278 [2000]).

In light of our determination, we do not reach the defendant's remaining contentions. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur. [As amended by unpublished order entered May 4, 2007.]