■ NEIL IRWIN BRODY, Appellant, v LAUREN JUSTINE BRODY, Respondent. [879 NYS2d 337]—

In an action for divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated May 6, 2008, as denied that branch of his motion which was for summary judgment dismissing the defendant's counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 250, effective July 3, 2007, provides that the statute of limitations for commencing an action or raising a defense to an agreement related to marriage is three years. It further provides that the "statute of limitations shall be tolled until (a) process has been served in such matrimonial action or proceeding, or (b) the death of one of the parties" (Domestic Relations Law § 250 [2], as added by L 2007, ch 104, as amended by L 2007, ch 226). After the Supreme Court rendered its decision here, the Legislature amended the session law on May 21, 2008 (L 2008, ch 86, § 2) to clarify that the act "shall not apply to any agreement where the commencement of an action thereon was previously barred by a court under the civil

practice law and rules in effect immediately prior to [July 3, 2007]" (L 2007, ch 104, § 2, amended by L 2008, ch 86, § 2). Thus, section 250 applies to all actions commenced on or after July 3, 2007, except for those previously barred by a court. Accordingly, in this case, where these counterclaims had not previously been barred by a court on statute of limitations grounds, Domestic Relations Law § 250 is applicable and the defendant's counterclaims are timely because they were brought within three years of service of process in this action (*see generally Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 28-29 [1984]).

The plaintiff also contends that the Supreme Court erred in denying that branch of his motion which was for summary judgment dismissing the defendant's counterclaims for failure to state a cause of action. We disagree. Viewing the defendant's allegations as true for the purpose of this motion (*see Vestal v Vestal,* 273 AD2d 461 [2000]), causes of action were stated.

The plaintiff's remaining contention is raised for the first time on appeal and, therefore, is not properly before this Court. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur. [*See* 20 Misc 3d 350.]