■ CATHERINE KELLY, Respondent-Appellant, v J. BRIAN KELLY, Appellant-Respondent. [892 NYS2d 185]—

The trial court has broad discretion to determine the issue of cruel and inhuman treatment. Its determination will not be lightly overturned on appeal, and we decline to do so here (*see Bluth v Bluth*, 45 AD3d 796, 797 [2007]). Contrary to the defendant's contention, the plaintiff presented ample evidence that he engaged in a course of conduct, including verbal and physical abuse, which was harmful to her well-being and made cohabitation unsafe (*see* Domestic Relations Law § 170 [1]; *Acito v Acito*, 21 AD3d 1044 [2005]; *Rose v Rose*, 18 AD3d 852 [2005]; *Habib v Habib*, 278 AD2d 277 [2000]). Accordingly, the plaintiff was properly awarded a divorce on the grounds of cruel and inhuman treatment.

The court providently exercised its discretion in awarding the plaintiff 60% of the marital assets. When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible (*see Adjmi v Adjmi*, 8 AD3d 411 [2004]). However, there is no requirement that the distribution of marital property be made on an equal basis (*see Griggs v Griggs*, 44 AD3d 710, 713 [2007]; *Chalif v Chalif*, 298 AD2d 348, 349 [2002]). In making the division of property in this case, the court took into account, among other things, the property held by each party at the commencement of the action, the length of the marriage, the limited award of maintenance to the wife, and the husband's more recent work experience and greater earning potential (*see* Domestic Relations Law § 236 [B] [5] [e]; *Michaelessi v Michaelessi*, 59 AD3d 688 [2009]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her request for lifetime maintenance. Considering, among other factors, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, and the ability of the plaintiff to become self-supporting (*see Meccariello v Meccariello*, 46 AD3d 640, 641-642

[2007]; Domestic Relations Law § 236 [B] [6]; *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]), the Supreme Court providently exercised its discretion in determining that the defendant's obligation to pay the plaintiff maintenance should end on December 31, 2008. However, in light of this award of limited maintenance, the court should have determined that the defendant's obligation to pay the plaintiff's reasonable medical and dental insurance benefit costs also should end on December 31, 2008 (*see* Domestic Relations Law § 236 [B] [8] [a]; *Caso v Caso*, 205 AD2d 866 [1994]).

Considering the parties' relative circumstances and all of the relevant factors, including the pendente lite award of attorney's fees to the plaintiff in the amount of $7,500, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's request for an award of an attorney's fee (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]).

The remaining contentions of the parties are either unpreserved for appellate review, without merit, or not properly before this Court since they are raised for the first time in their reply briefs. Dillon, J.P., Santucci, Florio and Hall, JJ., concur.