OPINION OF THE COURT
Robert A. Bruno, J.
It is ordered that this motion is decided as follows:
Plaintiff seeks an order: (1) pursuant to CPLR 2221, granting plaintiff, Rebecca LaFiosca, leave to renew and/or reargue the determination of this court (Robert A. Bruno, J.) dated November 19, 2010, finding the parties’ postnuptial agreement effective, and upon renewal and/or reargument; (2) directing the defendant to pay plaintiff nontaxable maintenance in the sum of $500 per week pursuant to the terms of the parties’ postnuptial agreement; (3) pursuant to CPLR 2221, granting plaintiff, Rebecca LaFiosca, leave to renew and/or reargue the determination of this court (Robert A. Bruno, J.) dated November 19, 2010, in regard to the plaintiffs award of interim counsel fees; and upon renewal and/or reargument; (4) pursuant to Domestic Relations Law § 237, awarding the plaintiff pendente lite counsel fees in the sum of $10,000, with leave to request additional fees, if necessary; (5) adjudging the defend *975 ant, David LaFiosca, in contempt for willfully violating the automatic orders of Domestic Relations Law § 236, personally served on August 18, 2010, in regard to the parties’ AG Edwards account; (6) enforcing the automatic orders of Domestic Relations Law § 236 and court order dated November 19, 2010 by directing defendant to return all monies to the. AG Edwards account; (7) directing the defendant to provide an accounting of the parties’ AG Edwards account; (8) awarding the plaintiff additional counsel fees for having to bring this contempt application; (9) pursuant to Domestic Relations Law § 237, awarding the plaintiff additional pendente lite counsel fees, with leave to request additional fees, if necessary; (10) granting summary judgment, pursuant to CPLR 3212, dismissing defendant’s counterclaim to set aside the postnuptial agreement, as said claim is time-barred by the statute of limitations; or in the alternative; (11) dismissing defendant’s counterclaim to set aside the postnuptial agreement, pursuant to CPLR 3211 (a) (7), for failing to state a cause of action upon which relief may be granted.
Defendant opposes said application and cross-moves for an order: (1) dismissing the plaintiffs affirmative defense to defendant’s counterclaim to set aside the postnuptial agreement dated April 14, 1994, which said affirmative defense is based upon a misapprehension of the applicable statute of limitations; (2) determining in limine, or in the alternative, granting partial summary judgment to defendant, that the provisions in the postnuptial agreement dated April 14, 1994, in articles Fourth and Sixth thereof, providing that all property of the parties shall be divided equally, apply to the pending malpractice action entitled “Rebecca LaFiosca and David LaFiosca v Eugene S. Krauss, M.D., et al.” pending in Supreme Court, Nassau County, under index No. 020925/2008, irrespective of the fact that said litigation is still pending and that the monetary recovery thereunder, if any, has not yet been paid to or received by the parties; (3) in the alternative, granting summary judgment in favor of the defendant setting aside and vacating the postnuptial agreement dated April 14, 1994 on the ground that, if the provisions of articles Fourth and Sixth thereof are held not to apply to the aforesaid pending litigation, the terms of said agreement are unconscionable and devoid of any consideration to the defendant; and (4) disqualifying Sari M. Friedman, Esq., and Sari M. Friedman, EC., 666 Old Country Road, Suite 704, Garden City, New York 11530, from representing the plaintiff, Rebecca LaFiosca, in the within matrimonial action.
*976 Decision and Order of Motion Sequence No. 003
Plaintiffs application seeking to “renew and/or reargue” this court’s pendente lite decision and order dated November 19, 2010 is denied. CPLR 2221 (f) states, “A combined motion for leave to reargue and leave to renew shall identify separately and support separately each item of relief sought.” Plaintiffs moving papers provide an assortment of jumbled arguments. As such, the court is unable to identify the portion of the pendente lite decision and order plaintiff seeks to reargue and the portion plaintiff seeks to renew. Therefore, the court finds plaintiffs application to be procedurally defective. (See Giardina v Parkview Ct. Homeowners’ Assn., 284 AD2d 953 [2001]; Andrade v Triborough Bridge & Tunnel Auth., 10 Misc 3d 1063[A], 2005 NY Slip Op 52110[U] [2005]; Cohen v Romanoff, 27 Misc 3d 1208[A], 2010 NY Slip Op 50627[U] [2010].)
The court notes that there was a typographical error contained in the decision and order dated November 19, 2010, relating to branch “6,” the award for interim counsel fees, in which $1,000 was awarded instead of $10,000. Therefore, the court will resettle the decision and order dated November 19, 2010 forthwith.
With respect to plaintiffs application to hold defendant in contempt for his willful violation of the automatic orders personally served with the summons with notice, this matter will be the subject of a hearing. Plaintiff claims that defendant removed $50,000 from the parties’ AG Edwards account and “squandered” $30,000 of said funds. Defendant avers that the money taken from the parties’ account was used to pay usual household expenses, including taxes, medical insurance as well as attorney’s fees. In light of the conflicting affidavits, it is an error to hold defendant in contempt without a hearing.
Plaintiffs application for an accounting of the AG Edwards account is granted to the extent that defendant is directed to provide an accounting regarding the funds taken from the AG Edwards account.
Plaintiff’s application seeking summary judgment to dismiss defendant’s counterclaim to set aside the postnuptial agreement dated April 14, 1994 because it is time-barred by the statute of limitations is denied. Pursuant to Domestic Relations Law § 250, the statute of limitations pertaining to prenuptial and postnuptial agreements is three years which “shall be tolled until (a) process has been served in such matrimonial action or proceeding, or (b) the death of one of the parties” (Domestic Re *977 lations Law § 250 [2]). Further, the Appellate Division held that Domestic Relations Law § 250 “applies to all actions commenced on or after July 3, 2007, except for those previously barred by a court.” (Brody v Brody, 62 AD3d 928, 929 [2d Dept 2009].) Since defendant was personally served with the summons with notice on August 18, 2010, less than one year ago, defendant’s counterclaim is not time-barred.
In addition to the foregoing, the Court of Appeals, in Bloomfield v Bloomfield (97 NY2d 188 [2001]) has effectively eviscerated the statute of limitations, as it relates to counterclaims, regarding prenuptial or postnuptial agreements, by holding:
“Initially, we note that defendant is not time-barred from challenging the validity of the prenuptial agreement because this particular argument arises from, and directly relates to, plaintiffs claim that the agreement precludes equitable distribution of his assets. It is axiomatic that claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the Statute of Limitations, even though an independent action by defendant might have been time-barred at the time the action was commenced (CPLR 203 [d]; 118 E. 60th Owners v Bonner Props., 677 F2d 200, 202-204; Rebeil Consulting Corp. v Levine, 208 AD2d 819, 820; Maders v Lawrence, 49 Hun 360; see generally, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.25, at 2-140 — 2-142).” (Id. at 192-193.)
In Bloomfield (supra), the Court permitted the defendant to challenge a 25-year-old prenuptial agreement pursuant to CPLR 203 (d), not because the statute of limitations was tolled, but because CPLR 203 (d) permits it.
CPLR 203 (d) states:
“(d) Defense or counterclaim. A defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred *978 at the time the claims asserted in the complaint were interposed.”
Finally, plaintiff fails to submit a copy of the pleadings regarding her application for summary judgment. CPLR 3212 (b) states in relevant part, “A motion for summary judgment shall be supported by affidavit, [and] by a copy of the pleadings . . ..”
Plaintiffs application seeking to dismiss defendant’s counterclaim for failing to state a cause of action pursuant to CPLR 3211 (a) (7) is also denied. Plaintiffs moving papers provide one, simple, conclusory statement that defendant’s counterclaim is “insufficient.” Plaintiff fails to address what elements are missing from defendant’s counterclaim or how it is defective. In addition to the foregoing, this court must view defendant’s allegations as true for the purpose of the instant motion (see Vestal v Vestal, 273 AD2d 461 [2d Dept 2000]).
Decision and Order of Motion Sequence No. 004
In light of the decision reached by this court under motion sequence No. 003, branch “1” of defendant’s application seeking to dismiss plaintiffs third affirmative defense to defendant’s counterclaim is granted.
Branch “2” of defendant’s application seeking a determination in limine or in the alternative, partial summary judgment with respect to articles Fourth and Sixth in the postnuptial agreement is denied. Defendant avers that the pending medical malpractice action under index No. 020925/2008 should be divided equally pursuant to the parties’ postnuptial agreement, the same agreement that defendant claims is “unconscionable and devoid of any consideration.” Since there is an issue of fact as to whether the postnuptial agreement is valid and enforceable, defendant’s application must be denied.
Branch “3” of defendant’s application seeking a grant of summary judgment in favor of vacating the postnuptial agreement because the terms of said agreement are “unconscionable and devoid of any consideration” to defendant is denied. It is clear from the parties’ papers that there remains a triable issue of fact as to whether this postnuptial agreement should be enforced.
With respect to branch “4” of defendant’s application seeking to disqualify plaintiffs counsel, Sari M. Friedman, Esq., from representing plaintiff in this matrimonial action, the court turns to the Rules of Professional Conduct which provide that “[a] lawyer shall not act as advocate before a tribunal in a mat *979 ter in which the lawyer is likely to be a witness on a significant issue of fact” unless one of the five exceptions can be proven (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Here, it is uncontested that plaintiffs counsel, Sari M. Friedman, Esq., drafted the postnuptial agreement executed on April 14, 1994. Defendant avers that the agreement is unenforceable for various reasons including: defendant was not represented by counsel at the time of execution; defendant was not provided with an opportunity to read the agreement because it was summarized and explained by Ms. Friedman; the agreement requires defendant to make maintenance payments without inquiry as to defendant’s ability to pay; and the agreement is devoid of any consideration to defendant. As such, defendant claims that Ms. Friedman’s testimony is necessary concerning the validity of the agreement. In opposition, plaintiff contends that the “substantial hardship” exception to the Rules of Professional Conduct applies to the instant matter (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a] [3]). Since plaintiff suffers from an illness that renders her unable to work, plaintiff alleges that she would be severely prejudiced if the court should disqualify Ms. Friedman. However, plaintiffs papers fail to demonstrate any credible evidence of the alleged substantial hardship. Given the counsel fee award pursuant to this court’s decision and order dated November 19, 2010 (resettled as of the date hereof) and the controlling case law (see Prichep v Prichep, 52 AD3d 61 [2d Dept 2008]; Jorgensen v Jorgensen, 86 AD2d 861 [2d Dept 1982]), plaintiff, the nonmonied spouse, would not be prejudiced in hiring alternate counsel, as plaintiff is not prevented from making future applications for legal fees. In light of the foregoing, branch “4” of defendant’s application is granted.
Accordingly, it is hereby: ordered that the parties and their counsel are ordered to appear before this court IAS Part 24, located at 400 County Seat Drive, Mineóla, New York, at 9:30 a.m. on April 13, 2011 for the scheduling of a hearing regarding the issue of contempt, which date shall not be adjourned without consent of this court.
All matters not decided herein are denied.