■ JACQUELINE E. WARREN, Respondent, v JAMES Z. WARREN, Appellant. — In an action to impress a trust on one half of the funds in a certain savings account, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Quinn, J.), dated September 4, 1979, as, after a nonjury trial, impressed a trust upon the sum of $18,500 and the interest accrued thereon. By order dated June 22, 1981, this court reversed the order insofar as appealed from, on the law, and awarded plaintiff judgment impressing a trust upon the sum of $2,937.56, and upon the interest accrued on that amount from January 1, 1970 standing to the credit of defendant, and remitted the case to the Supreme Court, Dutchess County, for entry of an appropriate judgment in accordance therewith (*Warren v Warren,* 82 AD2d 881). By order dated January 19, 1982, the Court of Appeals reversed our order, insofar as appealed from by the plaintiff, and remitted the case to us for a determination as to whether certain transfers from the parties' joint checking account to the defendant's savings account from December of 1969 to the commencement of this action in 1976, entitle the plaintiff to an increase in the amount of the constructive trust (*Warren v Warren,* 55 NY2d 874). On remittal, order dated September 4, 1979, reversed, insofar as appealed from, on the law, without costs or disbursements, plaintiff is awarded judgment impressing a trust upon the following sums: (a) $2,937.56 and upon the interest which has accrued on that amount from January 1, 1970 standing to the credit of defendant, (b) $752.09 and upon the interest which has accrued on that amount from March 6, 1970 standing to the credit of defendant, and (c) $944.41 and upon the interest which has accrued on that amount from January 8, 1971 standing to the credit of defendant. The case is remitted to the Supreme Court, Dutchess County, for entry of an appropriate judgment in accordance herewith. A review of the record establishes that on March 6, 1970, the defendant transferred $1,700 from the joint checking account of the parties to his savings account and that on January 8, 1971, the defendant similarly transferred a further $2,088.83. At the time of the March 6, 1970 transfer, the joint checking account contained $1,895.82 and at the time of the January 8, 1971 transfer, the joint checking account contained $2,288.83. It is well established that a joint account creates a rebuttable presumption that a joint tenancy exists as to funds deposited therein, that the burden of proof in refuting the presumption created by prima facie evidence of a joint account is on the party who challenges the existence of the joint tenancy, that with respect to the funds held in the joint account each joint tenant has the right to a moiety or less for his or her own use, and that where a joint tenant draws an amount in excess of his or her moiety there exists an absolute right in the other tenant, during the lifetime of both, to recover such excess (Banking Law, § 675; *Matter of Kleinberg v Heller,* 38 NY2d 836; *Matter of Bricker [Krimer] v Krimer,* 13 NY2d 22, 27; *Walsh v Keenan,* 293 NY 573; *Matter of Juedel,* 280 NY 37; *Matter of Suter,* 258 NY 104; *Matter of Porianda,* 256 NY 423; *Marrow*

*v Moskowitz*, 255 NY 219). There is no evidence in the record to rebut the statutory presumption raised by the prima facie evidence of the deposits in the parties' joint checking account and, therefore, the amount of the constructive trust imposed in favor of the plaintiff is to be increased by the amount of the withdrawals which was in excess of the defendant's moiety together with interest earned thereon from the respective dates of the withdrawals. Titone, J. P., Gibbons, Weinstein and Bracken, JJ., concur.