■ HARVEY STEPAKOFF, Respondent, v SYLVIA STEPAKOFF, Appellant. — In an action for divorce, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated June 15, 1982, as (1) dismissed her counterclaim for divorce based on cruel and inhuman treatment, (2) dismissed her counterclaim for her share of the rental value of the marital residence and an apartment attached thereto, (3) dismissed her counterclaim for equitable distribution of the parties' marital assets, and (4) denied her maintenance. Judgment modified, on the law, by deleting that portion of the third decretal paragraph which dismissed the defendant's counterclaim for her share of the rental value of the marital residence and an apartment attached thereto. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for a new trial in accordance herewith to determine the amount to which the defendant is entitled. A trial court possesses wide discretion to determine the issue of cruel and inhuman treatment and such determination will not be lightly overturned on appeal (*Davis v Davis,* 83 AD2d 547). The trial court did not abuse that discretion by determining that the plaintiff husband had not treated the defendant wife in a cruel and inhuman manner. Nor did the trial court abuse its discretion by denying the defendant maintenance. The trial court, however, should not have dismissed the defendant's counterclaim for her share of the income from the rental of the apartment which the parties owned as tenants by the entirety, as a corollary to its dismissal of both parties' actions for divorce. The plaintiff and the defendant jointly own the marital residence to which the apartment is attached. Real property conveyed to a husband and wife creates a tenancy by the entirety (*Grosser v City of Rochester,* 148 NY 235, 237-238). Each cotenant to a tenancy by the entirety is entitled to one half of the rents and profits generated by the jointly owned real estate (*Hiles v Fisher,* 144 NY 306, 315). At the trial the plaintiff conceded that he grossed $9,000 in 1981 by renting the apartment

and alleged that his expenses ancillary to renting the apartment totaled $5,678. In her counterclaim for her share of the rental income, the defendant alleged that she is entitled to recover from the plaintiff based on his exclusive occupancy of the marital home. The trial court concluded that the plaintiff had not subjected the defendant to cruel and inhuman treatment and that the defendant had not shown that the plaintiff had wrongfully ousted her. The court erroneously concluded that based on this finding, the defendant was not entitled to recover one half of the rental value of the marital home (cf. *Miraldi v Miraldi,* 51 AD2d 538, mot for lv to app dsmd *sub nom. Schwartz v Miraldi,* 39 NY2d 921). Under the circumstances of this case, the defendant is entitled to an accounting of the rent and profits derived from plaintiff's occupancy and control of the premises of which both parties share ownership. On the accounting, the trial court should consider the rental value of the marital home and the carrying charges and maintenance costs involved in sustaining it. The rental value of plaintiff's apartment must also be considered in determining the net income from the premises. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.