■ PETER R. PALAZZO, Appellant-Respondent, v EVELYN J. PALAZZO, Respondent-Appellant.—Judgment of the Supreme Court, New York County (Seymour Schwartz, J.), entered January 4, 1985, which, *inter alia,* granted plaintiff-appellant, Peter R. Palazzo, a divorce from defendant-cross-appellant, Evelyn Jean Palazzo, and imposed a constructive trust upon property at 336 West 84th Street in New York City, entitling defendant to a one-half ownership interest therein, unanimously modified, on the law, to grant defendant judgment on her sixth counterclaim to the extent that it requests an accounting as to rents and profits derived since 1974 from properties jointly owned by the parties at 323 West 84th Street, 347 West 84th Street and 336 West 84th Street, and except as modified, affirmed, without costs or disbursements.

The within divorce action was commenced by plaintiff in 1978, prior to the advent of the Equitable Distribution Law (Domestic Relations Law § 236 [B]) in 1980.

The parties were married in 1960. In 1963, they jointly purchased a brownstone situated at 347 West 84th Street to which they took title as tenants by the entirety. They purchased another brownstone in 1968, to which they also took title as tenants by the entirety. This brownstone was located a few doors from the first at 323 West 84th Street. It is undisputed that the parties retain equal interests in these properties.

Chronologically interposed between the above-described real estate acquisitions was plaintiff Peter Palazzo's purchase, purportedly for himself alone, of yet another 84th Street brownstone, 336 West 84th Street. Although both parties signed the contract of sale executed in 1964, only plaintiff attended the 1967 closing. Consequently, title was placed in plaintiff's name only and plaintiff was the sole personal guarantor of the mortgage given to finance the purchase.

Defendant, in her sixth counterclaim, requests that a constructive trust be imposed entitling her to a one-half ownership interest in 336 West 84th Street. At the trial of the matter she testified that she did not attend the closing because she was seven months' pregnant with the couple's third child and was very uncomfortable due to the hot weather. She stated that plaintiff assured her that her attendance was unnecessary and that he would sign for both of them. Defendant further claimed that funds for the down payment and to pay the balance due at the closing were drawn from the couple's joint bank accounts, and that she assisted substantially in renovating the premises, which along with the other brownstones was regarded by the parties as an investment to provide the couple with a financially secure future.

Trial Term, whose findings we see no reason to modify (see, 29 W. 25th St. Parking Corp. v Penn Post Parking, 105 AD2d 610 [1st Dept 1984], revd on other grounds 64 NY2d 1085 [1985]; see also, Nicastro v Park, 113 AD2d 129, 133 [2d Dept 1985]), credited these portions of defendant's testimony, noting expressly that defendant was in her seventh month of pregnancy at the time of the closing of title; that defendant had between 1960 and 1967 contributed $19,000 to the parties' joint bank accounts; that the funds used for the down payment and to pay the balance due at the closing came from the parties' joint accounts; that the building was rehabilitated with the assistance of defendant, who ordered supplies, paid bills, took dictation and handled administrative details in connection with obtaining permits and other documents necessary to proceed with the renovation; that the funds and labor

supplied by defendant constituted a transfer to plaintiff; and, that plaintiff's use of defendant's funds and labor in addition to the parties' history of joint ownership of the other 84th Street properties gave rise to an implied promise entitling defendant to an equal ownership interest in the subject property. The court concluded that the parties' confidential relationship, the transfer, the implied promise, and plaintiff's unjust enrichment supported imposition of a constructive trust.

Plaintiff appeals from this determination, arguing, in reliance upon *Sharp v Kosmalski* (40 NY2d 119, 121), that the requisite elements for the establishment of a constructive trust are not present in this case. *Sharp* recites five conditions necessary for imposition of a constructive trust: (1) a confidential or fiduciary relationship; (2) a promise or agreement, express or implied; (3) a transfer in reliance upon the agreement; (4) breach of the promise; and (5) unjust enrichment *(supra)*. Plaintiff concedes that the parties did have a confidential relationship since they were married at the time of the events in question *(see, Janke v Janke,* 47 AD2d 445, 449 [4th Dept 1975], *affd* 39 NY2d 786 [1976]), but contends that the evidence does not support Trial Term's finding of an implied promise by plaintiff to defendant, and that since plaintiff was entitled to use what was presumptively his half of the parties' joint bank accounts for the purchase of the subject property, there was neither a transfer of funds nor any unjust enrichment. Also regarding the transfer issue, plaintiff disputes the finding that defendant assisted in renovating the premises.

Whether there was a promise express or implied by plaintiff to defendant that she would share in the ownership of 336 West 84th Street is largely a factual determination best left to the trial court. *(See, 29 W. 25th St. Parking Corp. v Penn Post Parking, supra.)* We note simply that the existence of a promise is amply supported by defendant's testimony and the parties' course of dealing with regard to the purchase of the other 84th Street properties. Similarly, whether defendant assisted in the renovation was a factual question properly resolved by the Trial Judge, who was free to credit defendant's account of her contributions to the building's renovation and who duly noted documentary evidence showing that defendant had indeed made administrative applications necessary to proceed with the building's rehabilitation.

Since it would seem from the record that defendant participated in renovating 336 West 84th Street, based upon the parties' understanding that that property and the couple's

other 84th Street brownstones would be used together as an investment to secure their future, there is adequate basis to conclude that a transfer of services, in reliance upon plaintiff's promise, express or implied, that the properties would be shared, occurred. *(See, Janke v Janke, supra.)* Even if this were not the case, however, imposition of a constructive trust would not be defeated for lack of a transfer simply because the funds from the couple's joint account used by plaintiff to effect the purchase of the subject property came from what was presumptively his half of the joint account. While it is true that the opening of a joint account raises the rebuttable presumption that its tenants are to share equally in its assets *(Warren v Warren,* 95 AD2d 807 [2d Dept 1983]; Banking Law § 675), it is doubtful that this presumption may be employed to avoid a constructive trust in the circumstances here obtaining. It must be observed that a married couple's decision to pool their resources in a joint account is inevitably premised in large measure upon the mutual trust inherent in the marriage relationship. It is thus understood that the funds from such an account will not be employed in violation of that trust by one spouse to acquire for himself or herself what the couple has agreed to share. Where, as here, there has been such an agreement and it is evident that the party seeking imposition of the trust has contributed substantially to the joint account from which the purchase was funded, thereby directly facilitating the disputed acquisition, we hold that there is a sufficient transfer to support a constructive trust. As was noted by Chief Judge Breitel in *Simonds v Simonds* (45 NY2d 233, 240 [1978]): "[I]nability to trace * * * equitable rights precisely should not require that they not be recognized, much as in the instance of damages difficult to prove [citation omitted]."

In any case, the power of equity to employ a constructive trust to reach a just result is not strictly limited by the conditions set forth in *Sharp v Kosmalski (supra; Simonds v Simonds, supra,* at p 241). Rather, the remedy is available to prevent unjust enrichment in a wide range of circumstances. *(Supra; see also, Latham v Divine,* 299 NY 22, 26-27; 5 Scott, Trusts § 462, at 3412 [3d ed]; Bogert, Trusts and Trustees § 471, at 29 [2d ed rev 1978].) Thus, in the present case, even if a transfer of funds had not technically occurred, that would not prevent the imposition of a constructive trust. Defendant's equitable right to an equal ownership interest in 336 West 84th Street does not turn on whether her funds may be traced precisely to the purchase; instead the crucial considerations

are the promise made to her by her husband and the fact that her considerable contributions to their joint account during a time when plaintiff's earnings were modest at best were almost certainly indispensable to the couple's ability to make the purchase. There is, in addition, no reason to assume that those contributions would have been made if defendant knew that they would, in 1967, enable plaintiff to acquire alone what the couple together contracted to purchase in 1964.

Although Trial Term correctly determined that a constructive trust in favor of defendant should be imposed upon the property in plaintiff's name at 336 West 84th Street, it did not pass upon defendant's request in her sixth counterclaim for an accounting of one half of all rents and profits derived from that property and the two other 84th Street brownstones in which the parties have a joint ownership interest. Clearly, defendant, as a joint owner, is entitled to one half of the rents and profits from the real estate at issue. *(Stepakoff v Stepakoff,* 96 AD2d 1097 [2d Dept 1983].) It is, however, not disputed that although defendant has, since 1974, repeatedly requested information concerning the rents and profits obtained by defendant from the subject brownstones, such information has not been supplied. It is also undisputed that the sums derived from these properties have been deposited into accounts which plaintiff alone controls. The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest. *(See, e.g., Darlagiannis v Darlagiannis,* 48 AD2d 875 [2d Dept 1975].) It has already been established that a confidential relationship existed between the parties and that defendant has joint ownership interests in all three brownstones. Plaintiff could not, therefore, divert all the income from those properties to his own account or withhold from defendant information regarding the rents and profits received. Accordingly, defendant is entitled to an accounting beginning with the year 1974. That entitlement is based on defendant's property interest and is not affected by support payments plaintiff may have voluntarily made. Concur—Murphy, P. J., Sandler, Lynch, Kassal and Wallach, JJ.