■ BENJAMIN ROTHBAUM, Respondent, v STELLA F. ROTHBAUM, Appellant.—In an action for divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated December 5, 1987, which, inter alia, (1) is in favor of the plaintiff and against her in the principal sum of $20,000, and (2) in effect, denies her application for maintenance.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the words "in the sum of $20,000" and substituting therefor the words "in the sum of $16,158.36"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1981 at which time the plaintiff was approximately 61 years old and the defendant was approximately 62 years old; it was the second marriage for both parties.

The action for divorce was commenced in March 1985. At

that point, the plaintiff was already retired and living on a pension and Social Security payments, while the defendant collected Social Security payments and operated an antique-thrift shop business. The defendant continues to run this shop which she claims is a hobby only and produces no income. The defendant allegedly suffers from several chronic and severe ailments, and the plaintiff's health is also impaired. The parties have no significant assets and there apparently exists no marital property.

In view of the very limited funds of both parties, we find that the court did not improvidently exercise its discretion in denying the defendant's application for maintenance (see, Domestic Relations Law § 236 [B] [6] [a]) and counsel fees (see, Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). Furthermore, since maintenance was properly denied, an award of special relief in the form of requiring the plaintiff to maintain insurance on his life with the defendant as named beneficiary would also have been inappropriate (Domestic Relations Law § 236 [B] [8] [a]), as well as financially impracticable.

A review of the record establishes that the defendant withdrew funds in the amount of $32,316.71 from the couple's joint bank account during the marriage, effectively closing the account. Nevertheless, we find that it was error to grant judgment in favor of the plaintiff in the amount of $20,000. As joint tenants, each party owned one half of the funds deposited in the joint account (see, Banking Law § 675 [b]) and thus, the defendant cannot be deemed to have converted an amount in excess of the plaintiff's one-half share. The plaintiff is entitled to recover only the funds in excess of the defendant's moiety, i.e., his one-half share of the moneys taken by the defendant (see, *Warren v Warren*, 95 AD2d 807). Accordingly, the judgment appealed from is modified to reflect an amount equal to one half of the money withdrawn from the account. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.