■ LINDA PAGANO, Respondent, v JOHN PAGANO, Appellant. [609 NYS2d 313] —In an action for divorce and ancillary relief, the husband appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 28, 1991, as awarded the wife $350 per week maintenance and directed the husband to pay up to $16,000 per year for four years for the college tuition of the parties' daughter Jodi, (2) as limited by his brief, from so much of an order of the same court dated September 6, 1991, as, upon reargument, modified the prior order to award the wife one half of the value of the husband's second pension (i.e., the International Union Pension) amounting to the sum of $11,428, and (3) as limited by his brief, from stated portions of a judgment of the same court dated October 11, 1991, which, *inter alia,* dissolved the marriage and equitably distributed the parties' assets.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the appeal from so much of the judgment as directed the husband to pay up to $16,000 per year for the college tuition of the parties' daughter Jodi, is dismissed as academic; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The court's maintenance award of $350 a week to the wife was proper in view of the statutory factors to be considered in awarding maintenance *(see,* Domestic Relations Law § 236 [B] [6]; *Sperling v Sperling,* 165 AD2d 338). It was also proper for the court to fix the duration of the award as the wife's

lifetime. There is no dispute that the wife had spent the bulk of the marriage as a homemaker, raising the parties' four children. She thereby incurred a reduced earning capacity as a result of having foregone education, training, and career opportunities during the marriage (see, Domestic Relations Law § 236 [B] [6] [a] [5]). Although the wife did work for four years (some of it part-time) as a bank teller, the evidence establishes that she was unable to continue in this employment because of a partial disability. Additionally, the wife has no technical or job skills, and no education beyond high school. In sum, the court's conclusion that the wife is unable to become self-supporting is appropriate.

At oral argument the parties agreed that the issue of their daughter's college education is academic. Accordingly, we dismiss so much of the husband's appeal as it relates to that issue.

The husband's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.