■ BARBARA A. KRET, Appellant, v JOHN R. KRET, Respondent. [634 NYS2d 719] —In an action for divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of the judgment of the Supreme Court, Suffolk County (Berler, J.), entered November 17, 1993, as awarded maintenance, equitably distributed the marital residence and other real property, failed to provide for the wife's life and medical insurance, and failed to award attorney's fees to the wife.

Ordered that the judgment is modified, on the facts, by deleting from the second decretal paragraph thereof the provision awarding the wife maintenance in the amount of $200 per week for a period of seven years, and substituting therefor a provision awarding the wife maintenance in the amount of $200 per week for a period of 15 years; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff wife.

The parties were married in 1964. At the time of trial, the wife was 50 years old and the husband was 54 years old. After trial, the court, *inter alia,* awarded to the wife maintenance of $200 per week for a period of seven years. The wife contends that the duration of the maintenance award is insufficient. We agree.

The court may order maintenance in such amount as justice requires, considering, *inter alia,* the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance *(see,* Domestic Relations Law § 236 [B] [6] [a]).

In this case, the plaintiff wife had only a high school education. Although she had worked as a secretary prior to the marriage, thereafter foregoing all outside employment to maintain the marital household and raise two children, she testified that she had no current secretarial skills. Moreover, she suffered from arthritis and back injuries as the result of a car accident in 1984 which limited her mobility and caused her pain if she stood, walked or sat for extended periods. Since the wife has no technical or job skills, possesses a limited education, suffers from a partial health disability, and was 50 years old at the time of trial, it is unrealistic to believe that she will be able to achieve a level of financial independence which would eliminate her need to rely on the husband's support *(see, Pagano v Pagano,* 202 AD2d 652; *see also, Gross v Gross,* 160 AD2d 976).

Accordingly, we have modified the judgment to require the husband to pay maintenance for a period of 15 years.

Moreover, the issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate (Domestic Relations Law § 237 [a]; *see, Linda R. v Richard E.,* 176 AD2d 312; *see also, Basile v Basile,* 122 AD2d 759, 760). Under the circumstances of this case, we find that the court did not improvidently exercise its discretion in requiring that each party pay his or her own attorneys' fees and expenses.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.