■ STEPHEN H. KAPRELIAN, Appellant-Respondent, v MARGARET W. KAPRELIAN, Respondent-Appellant. [653 NYS2d 634] —In an action for a divorce and ancillary relief, the plaintiff former husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, West-

chester County (Barone, J.), dated April 11, 1995, as, after a nonjury trial, (1) valued his retirement annuity fund at $67,819, (2) awarded a portion of the value of his Simplified Employer Pension Plan to the defendant former wife, (3) failed to credit him $6,000 for marital assets allegedly dissipated by the defendant former wife, (4) failed to award him $18,008 of marital assets stemming from his payment from separate funds of the college tuition for the parties' daughter, and (5) awarded the defendant former wife expert's and counsel fees. The defendant former wife cross-appeals, as limited by her notice of appeal and brief, from so much of the same judgment as (1) limited her spousal maintenance to $300 per week for seven years, and (2) failed to award her a share of the plaintiff's legal practice.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting from section (c) of the fifth decretal paragraph thereof the sum of $67,819 and substituting therefor the sum of $34,306; (2) deleting from the seventh decretal paragraph thereof the words "until November 1, 2000" and substituting therefor the words "said payments to continue until the defendant's remarriage or the death of either party"; and (3) deleting from the ninth decretal paragraph thereof the provision directing the plaintiff to pay the defendant $500 for the balance of her expert's fees and $12,000 for her counsel fees and adding thereto a provision directing the plaintiff to pay the defendant the balance due on her expert's fees with respect to the certified public accountant only and reasonable counsel fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

We agree with the plaintiff's contention that the Supreme Court improvidently exercised its discretion in denying his trial motion to preclude the testimony of the defendant's actuarial expert. Although the plaintiff demanded a statement pursuant to CPLR 3101 (d) (1), the defendant never filed a statement nor did she inform the plaintiff until after the trial began that she would present an actuary who would challenge the plaintiff's valuation of his annuity. The defendant also failed to proffer a reasonable explanation for the delay (see, Lyall v City of New York, 228 AD2d 566; cf., Simpson v Bellew, 161 AD2d 693). Furthermore, and most significantly, the deliberate nature of the nondisclosure can be inferred from the fact that the defendant's counsel represented on numerous occasions to the plaintiff and the court that the valuation of the annuity

would not be contested (*cf., McDermott v Alvey, Inc.*, 198 AD2d 95; *Aversa v Taubes*, 194 AD2d 580). Therefore, the testimony of the defendant's actuary that the plaintiff's annuity was worth $67,819 should have been precluded and the judgment must be modified to reflect the plaintiff's value of $34,306. Concomitantly, the expert's fees awarded to the defendant, to the extent that they relate to the actuary, must be vacated.

Considering the length of the parties' marriage, the age and health of the defendant, her lack of skills and training, and the fact that she subordinated her own career to manage a home and care for a family, an award of lifetime maintenance is appropriate (*see, Nadel v Nadel*, 220 AD2d 565; *Liadis v Liadis*, 207 AD2d 331; *Pagano v Pagano*, 202 AD2d 652; *Loeb v Loeb*, 186 AD2d 174; Domestic Relations Law § 236 [B] [6]).

Although we perceive no improvident exercise of discretion in the court awarding the defendant counsel fees (*see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879), on this record the court improperly quantified the amount at $12,000 inasmuch as it was "without the benefit of proper documentation from her attorney regarding the legal services rendered or the time spent on the case" (*Scavuzzo v Scavuzzo*, 201 AD2d 638; *see also, Dunne v Dunne*, 172 AD2d 482). Accordingly, the matter is remitted for a new determination regarding reasonable counsel fees.

The parties' remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.