■ ROSE MARKOV, Respondent, v IVAN MARKOV, Appellant. [757 NYS2d 632] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 24, 2002 in Tompkins County, which, inter alia, distributed the proceeds from the sale of the parties' marital residence.

In February 1996, defendant commenced an action for divorce in the Republic of Serbia; a year later plaintiff brought an action in Supreme Court seeking similar relief. After the Serbian Court dissolved the parties' marriage in March 1997, plaintiff amended her complaint in Supreme Court to limit her relief to maintenance, equitable distribution and counsel fees.

In June 1998, Supreme Court ordered, inter alia, defendant to "immediately" list the marital home for sale and pay plaintiff one half of the net proceeds. In connection therewith, defendant was ordered to pay the taxes and mortgage until the home was sold; an award for maintenance and counsel fees was also included.

Defendant defaulted on his obligations, prompting plaintiff to commence three separate enforcement actions between 1999 and 2000. On July 30, 2001, the home was finally sold. After Supreme Court conducted a hearing to determine the division of the sale proceeds, it credited plaintiff with one half of the net profits from the rental property and one half of the taxes paid at the closing and counsel fees; defendant was credited with one half of the value of the garage that he built and the rental property expenses. Defendant appeals.

Unavailing is defendant's first challenge to Supreme Court's characterization, and thereafter consideration, of defendant's dilatory and obstructionist tactics as a basis for an additional award of counsel fees. Despite the initial order requiring an immediate sale of the marital premises, the record reveals that defendant went overseas on several occasions, including from July 1999 until January 2000, and made inadequate arrangements for the house to be shown to facilitate the court-ordered sale. Moreover, even after the court ordered that a "for sale" sign and lock box be placed upon the property, defendant still did not immediately comply. For these reasons, we find no abuse of discretion in the award of additional counsel fees (see Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]), since it was defendant's own obstructionist tactics which led to plaintiff's unnecessary litigation expenses (see Smith v Smith, 277 AD2d 531, 532 [2000]; Holbrook v Holbrook, 226 AD2d 831, 832 [1996]; Suydam v Suydam, 203 AD2d 806, 811 [1994], lv dismissed 84 NY2d 923 [1994]; Vicinanzo v Vicinanzo, 193 AD2d 962, 966 [1993]; Mac Murray v Mac Murray, 187 AD2d 840, 841 [1992]).

Nor do we find merit in defendant's contention that plaintiff was not entitled to one half of the rents collected from the rental property attached to the marital residence (see Stepakoff v Stepakoff, 96 AD2d 1097, 1097-1098 [1983]). Cases referred to by defendant holding that a co-owner/tenant by the entirety is not entitled to a collection of rent except where the party seeking rent was wrongfully ousted from the marital residence are inapposite because the rental money here was derived from property attached to the martial residence, which had been leased by the parties prior to the commencement of this action

(compare *Riley v Jeker*, 252 AD2d 680 [1998]; *Grant v Grant*, 234 AD2d 509 [1996]; *Daigle v Daigle*, 73 AD2d 771 [1979], with *Stepakoff v Stepakoff, supra* at 1097-1098).

Finally, no merit can be gleaned from defendant's contention that he was entitled to a credit for one half of the principal reduction of the mortgage resulting from payments made on the martial residence when he was in exclusive possession; the equitable distribution judgment clearly required him to pay both the taxes and the mortgage until the property was sold. Rejecting defendant's remaining contentions as without merit, we affirm.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.