■ NUNZIO MECCARIELLO, Respondent, v JANET MECCARIELLO, Appellant. [847 NYS2d 618]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Sunshine, J.), dated April 11, 2006, as awarded the plaintiff a divorce on the grounds of cruel and inhuman treatment and constructive abandonment, awarded her maintenance in the sum of only $250 per week until the age of 65, awarded her only 25% of the 30% portion of the business that the plaintiff acquired in 1997, and permanently enjoined her from mailing any nonfinancial correspondence to the plaintiff.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision awarding the defendant 25% of the 30% portion of the business that the plaintiff acquired in 1997 and substituting therefor a provision awarding the defendant 40% of the 30% portion; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the plaintiff demonstrated, through his own testimony and the testimony of another witness, that the defendant's behavior so adversely affected his physical and mental well being that it became improper for him to cohabit with her (*see Rose v Rose*, 18 AD3d 852, 853 [2005]; *cf. Cauthers v Cauthers*, 32 AD3d 880 [2006]). Accordingly, the Supreme Court properly granted the plaintiff a divorce on the ground of cruel and inhuman treatment. The plaintiff also established that the defendant constructively abandoned him by refusing to engage in sexual relations for more than a year (*see* Domestic Relations Law § 170). He proffered proof that such a refusal was unjustified and willful, and continued despite his repeated requests (*see Ostriker v Ostriker*, 203 AD2d 343 [1994]; *cf. Caprise v Caprise*, 143 AD2d 968 [1988]).

The defendant contends that the Supreme Court improperly awarded her maintenance of a limited duration, as opposed to lifetime maintenance, and that the amount she was awarded was insufficient. However, the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see Mazzone v Mazzone*, 290 AD2d 495 [2002]; *Liadis v Liadis*, 207 AD2d 331 [1994]). The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime

earning capacity of the party seeking maintenance (*see Kret v Kret*, 222 AD2d 412 [1995]). Taking these factors into consideration, the Supreme Court providently exercised its discretion in granting the defendant maintenance in the sum of $250 a week until she reached the age of 65.

The Supreme Court improvidently exercised its discretion in awarding the defendant only 25% of the 30% portion of the plaintiff's business that the plaintiff acquired in 1997 (*see* Domestic Relations Law § 236 [B] [5] [d] [6], [13]). Under the circumstances of this case, the defendant should have been awarded 40% of the 30% portion.

The Supreme Court correctly permanently enjoined the defendant from mailing any nonfinancial correspondence to the plaintiff, since the plaintiff demonstrated that he would suffer irreparable harm absent the injunction (*cf. Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *Kane v Walsh*, 295 NY 198, 205-206 [1946]).

The defendant's remaining contentions are without merit. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.