■ VEDA LAMENE BREVILUS, Appellant, v JEAN MANEUS BREVILUS, Respondent. [900 NYS2d 114]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), dated April 7, 2008, which, upon a decision of the same court dated March 29, 2005, made after a nonjury trial, inter alia, imputed an annual income to the defendant in the sum of $50,000 for the purpose of his child support obligation and, on that basis, directed the defendant to pay her child support in the sum of $1,112 per month, and, in effect, failed to award her equitable distribution of certain rental income.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the fourth decretal paragraph thereof imputing an annual income to the defendant in the sum of $50,000 for the purpose of his child support obligation and, on that basis, directing him to pay the plaintiff child support in the sum of $1,112 per month, (2) by deleting the fifth decretal paragraph thereof directing the defendant to pay 58% of all child care, unreimbursed nonelective

medical, psychiatric, and dental expenses for the children, and (3) by deleting so much of the eighth decretal paragraph thereof as, in effect, failed to award the plaintiff equitable distribution of certain rental income; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that, pending the new determination as to the defendant's obligation to pay child support, and child care, unreimbursed nonelective medical, psychiatric, and dental expenses for the children, the defendant shall continue to pay child support in the sum of $1,112 per month and 58% of all child care, unreimbursed nonelective medical, psychiatric, and dental expenses for the children.

The parties purchased the marital residence (hereinafter the home) in 1999 and thereafter rented portions of the home to residential tenants while occupying its main floor. In February 2002 the plaintiff (hereinafter the wife) commenced an action for a divorce and ancillary relief. In a pendente lite order dated July 8, 2002, the Supreme Court, among other things, awarded the defendant (hereinafter the husband) interim custody of the parties' children and exclusive occupancy of the home, and directed him to pay the wife maintenance in the amount of $125 per week. Additionally, pursuant to that order, the husband was responsible for all the carrying charges on the home in light of his exclusive occupancy and his receipt of rental income from the home. As subsequently amended, the July 2002 pendente lite order directed the wife to pay the husband $75 per week in child support but allowed her to credit her child support obligation against any unpaid maintenance. No child support or maintenance payments were made pursuant to the pendente lite order.

After a nonjury trial, in a decision dated March 29, 2005, the Supreme Court, among other things, awarded physical custody of the parties' children to the wife, directed the husband to pay the wife child support in the amount of $1,112 per month after imputing annual income to him in the amount of $50,000, denied the wife's application for equitable distribution of fire insurance proceeds received for damages to the home and of rental income from the home generated during a 40-month period of time during which the husband had exclusive possession, and distributed the Haitian real property owned by the parties in kind. We modify the judgment entered upon the decision and remit the matter to the Supreme Court, Nassau County, for further proceedings.

The determination of the Supreme Court that certain fire insurance proceeds were not subject to equitable distribution because they were used to repair and refurbish the home (*see Johnson v Johnson*, 277 AD2d 923, 926 [2000]), rather than dissipated by the husband, is supported by the record. Additionally, contrary to the wife's contention, the Supreme Court had jurisdiction to distribute Haitian real property owned by the parties (*see Riechers v Riechers*, 267 AD2d 445, 446 [1999]).

However, we agree with the wife that the Supreme Court erred in calculating the husband's child support obligation based on an imputed annual income of $50,000 per year. That imputation was based upon findings that the husband's average annual reported income over the years 2000-2003 was $37,264 and that, in addition, he received $2,000 per month (i.e. $24,000 per year) in rental income. Those findings alone demonstrate that the husband's actual income exceeds $60,000 per year. Moreover, at one point during the trial, the husband testified that he actually received rental income in the amount of $2,200 per month and, in addition, earned "a couple thousand dollars" per year in unreported income from secondary employment.

In light of the evidence in the record that the husband's actual income exceeds $50,000 per year, we remit the matter to the Supreme Court, Nassau County, for a new determination of the amount of income to be imputed to the husband and, thereafter, a recalculation of his child support obligation (*see Elimelech v Elimelech*, 58 AD3d 672, 674 [2009]). Moreover, since the husband's share of all child care, unreimbursed, nonelective medical, psychiatric, and dental expenses for the children, as provided for in the judgment appealed from, is based on his pro rata share of the total child support obligation, we also remit the matter to the Supreme Court, Nassau County, for a recalculation of his share of those expenses (*see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]). In recalculating the husband's child support obligation under the Child Support Standards Act (Domestic Relations Law § 240), we note that FICA taxes should be deducted only from income upon which FICA taxes are "actually paid" prior to applying the provisions of Domestic Relations Law § 240 (1-b) (c) (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]).

Moreover, we remit the matter to the Supreme Court, Nassau County, for a new determination as to whether the wife is entitled to equitable distribution of the rental income generated by the home during the 40-month period when the husband had exclusive occupancy pursuant to the July 2002 pendente lite order. Real property conveyed to a husband and wife creates a

tenancy by the entirety, and each cotenant to a tenancy by the entirety is entitled to one half of the rents and profits generated by the jointly owned real estate (see *Stepakoff v Stepakoff*, 96 AD2d 1097, 1097-1098 [1983]; see also *Markov v Markov*, 304 AD2d 879, 880 [2003]; *Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]).

Here, the Supreme Court based its determination that the wife was not entitled to equitable distribution of the rental income generated during the relevant time period upon its finding that the husband had custody of the parties' children and that the wife failed to pay child support during that time, and its finding that "the expenses in maintaining the house are not limited to the mortgage and taxes, as [the wife] well knows." However, the pendente lite order, as amended, entitled the wife to offset her monthly child support obligation of $75 against the husband's monthly maintenance obligation of $125. Since the husband failed to make any maintenance payments pursuant to that order, the wife's failure to make child support payments did not entitle the husband to a credit against any rental income from the home to which the wife was otherwise entitled.

Moreover, although the Supreme Court appears to have concluded that the husband was entitled to a credit against the wife's share of the rental income based upon his payment of certain carrying charges, it failed to make any findings as to what portions of those carrying charges, if any, were paid by the tenants at the home, set forth any calculations to demonstrate that the amount of those carrying charges paid by the husband completely offset the wife's entitlement to rental income, or determine how much of the carrying charges should have been applied to the living expenses of the husband and the children, which should not be chargeable to the wife, as opposed to the amount attributable to the tenants.

The parties' remaining contentions are without merit. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.