■ JACQUELYN KAUFMAN, Respondent, v STEVEN KAUFMAN, Respondent. [958 NYS2d 742]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of

the Supreme Court, Orange County (Ritter, J.), dated December 22, 2010, as, upon a decision of the same court dated December 2, 2010, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $577 per week until she reaches the age of 66, remarries, or dies, whichever occurs first; directed him to continue the plaintiff's health insurance coverage during the period he is obligated to pay maintenance, or until the plaintiff becomes entitled to Medicare or is otherwise insured, whichever is sooner; directed the plaintiff to pay child support in the sum of only $155 per week for the period from December 2, 2010, until February 28, 2013, only $133 per week from "February 29, 2013," until July 18, 2015, and only $91 per week from July 19, 2015, until July 24, 2017; failed to apportion to the plaintiff a share of the cost of uncovered health care for the parties' three unemancipated children; failed to apportion to the plaintiff a share of the cost of the children's college expenses; and, failed to apportion to the plaintiff a share of the payments toward a certain loan debt.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof directing the plaintiff to pay child support in the sum of $155 per week for the period from December 2, 2010, until February 28, 2013, $133 per week from "February 29, 2013," until July 18, 2015, and $91 per week from July 19, 2015, until July 24, 2017, and substituting therefor provisions directing the plaintiff to pay the defendant child support in the sum of $167.33 per week for the period from December 2, 2010, until February 28, 2013, $144.25 per week for the period from March 1, 2013, until July 18, 2015, and $98.08 per week from July 19, 2015, until July 24, 2017; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The 'amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*Morales v Inzerra*, 98 AD3d 484, 484 [2012], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). "The court may order maintenance in such amount as justice requires, considering, inter alia, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see Scher v Scher*, 91 AD3d 842, 847 [2012]). Here, the Supreme

Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $577 per week until she reaches the age of 66, remarries, or dies, whichever occurs first.

In calculating the plaintiff's share of child support under the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), the Supreme Court first deducted a certain amount from her income for Federal Insurance Contributions Act (26 USC subtit C, ch 21; hereinafter FICA) taxes. However, in this case, the plaintiff's sole source of income is the spousal maintenance to be paid to her by the defendant. Since FICA taxes should be deducted only from income upon which FICA taxes are "actually paid" prior to applying the provisions of Domestic Relations Law § 240 (1-b) (c) (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]; *see Brevilus v Brevilus*, 72 AD3d 999, 1001 [2010]), and since FICA taxes are not paid from amounts received for maintenance, the Supreme Court's calculations were erroneous.

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.