In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Brands, J.), entered December 23, 2010, which, upon a decision of the same court dated September 21, 2010, made after a nonjury trial, inter alia, awarded her spousal maintenance in the sum of only $1,100 per week for a duration of only four years.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
“[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” (Griggs v Griggs, 44 AD3d 710, 711 [2007] [internal quotation marks omitted]; see Giokas v Giokas, 73 AD3d 688, 688 [2010]; Baron v Baron, 71 AD3d 807, 809 [2010]; Meccariello v Meccariello, 46 AD3d 640, 641 [2007]). “ ‘The court may order maintenance in such amount as justice requires, considering, inter alia, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance’ ” (Scher v Scher, 91 AD3d 842, 847 [2012], quoting Kret v Kret, 222 AD2d 412, 412 [1995]; see Domestic Relations Law § 236 [B] [6] [a]; Giokas v Giokas, 73 AD3d at 689; *958 Baron v Baron, 71 AD3d at 809). Here, considering the relevant factors, the award of maintenance in the sum of $1,100 per week for a duration of four years was a provident exercise of discretion.
The defendant failed to satisfy her burden of proving that the source of part of the funds utilized to purchase the property located on Lime Mill Road was her separate property (see Phillips v Haralick, 70 AD3d 663, 665 [2010]; Masella v Masella, 67 AD3d 749, 750 [2009]; Bennett v Bennett, 13 AD3d 1080, 1082 [2004]). Thus, as the Supreme Court properly determined, it is marital property (see Domestic Relations Law § 236 [B] [1] [c]) and, therefore, subject to equitable distribution.
The defendant’s remaining contention is without merit. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.