■ JENNIFER JARAMILLO, Respondent, v JOHN JARAMILLO, Appellant. [969 NYS2d 155]—

In an action for a divorce and ancillary relief, the defendant

652

appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (de Grimston, Ct. Atty. Ref.), dated February 29, 2012, which, upon a decision of the same court dated November 16, 2011, made after a nonjury trial, inter alia, directed him to pay maintenance to the plaintiff in the sum of $2,000 per month for a period of six years and to pay the sum of $7,500 toward the plaintiff's counsel fees.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the defendant to pay maintenance to the plaintiff in the sum of $2,000 per month; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a recalculation of the amount of the defendant's maintenance obligation; in the interim, the defendant shall pay maintenance to the plaintiff in the sum of $500 per month.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Meccariello v Meccariello*, 46 AD3d 640, 641 [2007]; *see Williams v Williams*, 102 AD3d 957 [2013]; *Kaufman v Kaufman*, 102 AD3d 925 [2013]). "The court may order maintenance in such amount as justice requires, considering, *inter alia*, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *McLoughlin v McLoughlin*, 74 AD3d 911, 913 [2010]; *Kaufman v Kaufman*, 102 AD3d at 926).

Here, the Supreme Court found that the defendant's net income was $62,567 annually, or $5,213.92 each month. After paying his monthly expenses, which the court found to be $3,818.80, the defendant would be left with $1,395.12 per month with which to pay maintenance and his child support obligation of $235.34 per week. "Recognizing the fact that the need of the defendant to maintain a separate household and have money to live on after support payments are made must be taken into account by the awarding court" (*Keehn v Keehn*, 137 AD2d 493, 495 [1988]), we conclude that the court improvidently exercised its discretion in directing the defendant to pay maintenance to

the plaintiff in the sum of $2,000 per month. Accordingly, we remit the matter to the Supreme Court, Richmond County, for a recalculation of the amount of the plaintiff's maintenance award. In the interim, the defendant shall pay maintenance to the plaintiff in the sum of $500 per month. Our directive should not be taken as an opinion as to an appropriate award of maintenance.

However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in determining the duration of the maintenance award. "Spousal support should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Bains v Bains*, 308 AD2d 557, 559 [2003]). Here, considering the relevant factors, including the plaintiff's age, education, and employment history, an award of maintenance over a period of six years should afford the plaintiff a sufficient opportunity to become self-supporting (*see Jones v Jones*, 92 AD3d 845 [2012]; *DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Walter v Walter*, 38 AD3d 763 [2007]).

Further, considering the significant disparity in the parties' incomes, the Supreme Court did not improvidently exercise its discretion in directing the defendant to pay the sum of $7,500 toward the plaintiff's counsel fees (*see Chesner v Chesner*, 95 AD3d 1252 [2012]; *Cohen v Cohen*, 73 AD3d 832 [2010]).

The defendant's remaining contention is without merit. Dickerson, J.P., Roman, Miller and Hinds-Radix, JJ., concur.