■ DAVID MERRICK, Respondent, v DEBORAH MERRICK, Appellant. [18 NYS3d 630]—

Appeal from a judgment of divorce of the Supreme Court, Orange County (Lawrence H. Ecker, J.), dated September 4, 2013. The judgment, after a nonjury trial, insofar as appealed from, inter alia, awarded the defendant maintenance in the sum of only $8,500 per month for a period of eight years and child support in the sum of only $3,500 per month.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the defendant maintenance in the sum of $8,500 per month for a period of eight years and substituting therefor a provision awarding the defendant maintenance in the sum of $10,000 per month for a period of 10 years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Meccariello v Meccariello*, 46 AD3d 640, 641 [2007]; *see Jaramillo v Jaramillo*, 108 AD3d 651, 652 [2013]; *Williams v Williams*, 102 AD3d 957, 957 [2013]). "The court may order maintenance in such amount as justice requires, considering, *inter alia*, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the

reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Kaufman v Kaufman*, 102 AD3d 925, 926 [2013]). Considering the parties' ages, education, work history, their lifestyle during the marriage, and their financial situation, the Supreme Court should have awarded the defendant maintenance in the sum of $10,000 per month for a period of 10 years (*see* Domestic Relations Law § 236 [B] [6] [a]).

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]) "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (*Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *see Holterman v Holterman*, 3 NY3d 1, 11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]). Where combined parental income exceeds the statutory cap—in this case, $136,000 (*see* Social Services Law § 111-i [2] [b], [c])—the Supreme Court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), or to apply the statutory percentages, or to apply both (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Freeman v Freeman*, 71 AD3d at 1144). Here, the Supreme Court providently exercised its discretion in applying the statutory cap of the first $136,000 of combined parental income in making its calculation of child support.

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.