Cristina Morales, Respondent,
against
Louis Lebron, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered September 27, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $9,000 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $9,000, alleging that defendant had withdrawn that amount from plaintiff's portion of the funds on deposit in their joint bank account. Defendant counterclaimed to recover the principal sum of $15,000, as the value of a car that defendant claimed was his, but which plaintiff refused to return. Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $9,000 on her cause of action and dismissed defendant's counterclaim. 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). 
Upon a review of the record, we find that there is adequate support for the Civil Court's determination that plaintiff established that the bank account she shared with defendant was held jointly in both their names and that defendant had withdrawn $18,000 from that account on February 6, 2013. In general, the deposit of funds into a joint bank account constitutes prima facie evidence of an intent to create a joint tenancy (see Banking Law § 675; Hom v Hom, 101 AD3d 816 [2012]). As a joint tenant, plaintiff owned one half of the funds deposited in the joint account (see Matter of Kleinberg v Heller, 38 NY2d 836 [1976]; see also Rothbaum v Rothbaum, 155 AD2d 650 [1989]). While defendant could have rebutted this presumption on various grounds (see Banking Law § 675 [b]), including "by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only" (Matter of Richichi, 38 AD3d 558, 559 [2007]), he failed to do so. Consequently, defendant's defense to plaintiff's cause of action seeking the recovery of $9,000, representing one half of the amount in the joint bank account, lacked merit. As plaintiff also [*2]demonstrated that title to the vehicle is in her name, and as defendant presented no basis to support his counterclaim seeking the recovery of the value of the vehicle, the Civil Court properly dismissed the counterclaim.
Accordingly, the judgment is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 07, 2016