| **Salvatoriello v Coady** |
|:---:|
| 2024 NY Slip Op 33595(U) |
| October 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500271/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
VINCENT SALVATORIELLO, Ph.D.,

                       Plaintiff,        Decision and order

     - against -               Index No. 500271/2024

GREGORY COADY and NICHOLAS COADY,
                       Defendant

and

SKYLINE BUILDERS GROUP LLC,
              Nominal Defendant,     October 8, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN        Motion Seq. #1

     The defendants have moved pursuant to CPLR §3211 seeking to dismiss the complaint for the failure to allege any causes of action. The plaintiff filed an amended complaint, however, the defendants still seek the dismissal of the claims contained within the amended complaint. Papers were submitted by the parties and after reviewing all the arguments this court now makes the following determination.

     According to the verified amended complaint the plaintiff is a 33.33% owner of nominal defendant Skyline Builders Group LLC. The plaintiff alleges, essentially, that the defendants excluded the defendant from decision making and from the financial operations of the company. Moreover, the plaintiff alleges he was denied his due compensation at the company and that the defendants diverted company funds for their own persoanl benefits. The verified amended complaint asserts causes of action for breach of contract, breach of fiduciary duty, unjust

[*1]

enrichment, an accounting, misappropriation and a declaratory judgement. The defendants have moved seeking to dismiss the amended complaint on the grounds it fails to allege any cause of action.

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

It is further well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79

2

[*2]

AD3d 425, 913 NYS2d 161 [1st Dept., 2010]). The first and seventh causes of action of the verified amended complaint contain the exact same language. Further, as explained in Gianelli v. RE/MAX of New York, 144 AD3d 861, 41 NYS3d 273 [2d Dept., 2016], "a breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached" (id). The two causes of action contain generalizations concerning which provisions were breached and even which documents were breached. Thus, the verified amended complaint fails to adequately allege any breach of contract at all. Thus, the motion seeking to dismiss the first and seventh causes of action is granted without prejudice to properly re-plead and allege cogent causes of action.

The second cause of action alleges a breach of fiduciary duty. It is well settled that when a claim for breach of a fiduciary duty is merely duplicative of a breach of contract claim where they are based on the same facts and seek the same damage then the breach of fiduciary claim cannot stand (Pacella v. Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 83 NYS3d 246 [2d Dept., 2018]). In this case the cause of action alleging any breach of a fiduciary duty may be identical to the general breach of contract claim, namely that the defendants failed to honor the terms of the operating agreement entered into between the parties. Consequently, the motion

3

[*3]

seeking to dismiss the second cause of action is denied with leave to renew following the submission of the new breach of contract claim.

The third cause of action is for unjust enrichment. It is well settled that a claim of unjust enrichment is not available when it duplicates or replaces a conventional contract or tort claim (see, Corsello v. Verizon New York Inc., 18 NY3d 777, 944 NYS2d 732 [2012]). As the court noted "unjust enrichment is not a catchall cause of action to be used when others fail" (id). Since the plaintiff may plead a breach of contract claim the unjust enrichment claim may be duplicitive. Consequently, the motion seeking to dismiss the third cause of action is denied with leave to renew following the submission of the new breach of contract claim.

Next, it is well settled that "the right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (see, Palazzo v. Palazzo, 121 AD2d 261, 503 NYS2d 381 [2d Dept., 1986]). In this case there is clearly a confidential relationship. The defendant asserts this cause of action is moot since all the documents have already been submitted. However, there are questions whether indeed all such information has been provided. Consequently, the motion seeking

4

to dismiss this cause of action is denied.

The fifth count seeks a declaratory judgement. It is well settled that "a motion to dismiss the complaint in an action for a declaratory judgment "presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration"" (DiGiorgio v. 1109-1113 Manhattan Avenue Partners LLC, 102 AD3d 725, 958 NYS2d 417 [2d Dept., 2013]). The basis for this cause of action is the assertion the plaintiff is a 33.33% owner of the company. However, that assertion is not disputed at all. There is a dispute whether the plaintiff was permitted to be terminated as an at-will employee. Thus, while the percentage of ownership is not in dispute there are questions whether the plaintiff's termination was proper. Despite the inartful drafting of the amended complaint this is an issue which cannot be summarily decided on a motion to dismiss. Therefore, the motion seeking to dismiss the fifth cause of action is denied.

The sixth cause of action merely alleges the defendants have forfeited the share of funds that was rightly the plaintiff's. That does not allege any cause of action and consequently the motion seeking the sixth cause of action is granted.

Lastly, the wherefore clause which seeks attorney's fees is

5

stricken.  There is no mention of such fees in the complaint.

So ordered.

ENTER:

DATED: October 8, 2024
       Brooklyn N.Y.

_____

Hon. Leon Ruchelsman
JSC

6